## JOHN H. CRUMLEY *v.* C. T. C. DEAKE *et al.*

1. REAL PROPERTY. *Tenancy by the curtesy. Estates in remainder. Conditional fees. Wills.* A husband may be tenant by the curtesy where the estate of the wife was a conditional or determinable fee, although the condition has happened upon which the limitation over in favor of other parties takes effect.

Facts: A devised land to three children, the general words of the will vesting them with a fee simple title, the following clause being added: If either of the three should die without heirs, the estate shall fall to the two; if two should die, to the one; and if the one should die without heirs, the property should be divided between the heirs of C. and J. Two died without issue, the survivor, a girl, married and had one child born alive, which soon thereafter died, being followed by the mother: *Held*, that the husband was entitled to an estate by the curtesy in the land so descended.

Case cited: Love *v.* Ingram, MS.

Crumley *v.* Deake.

2. **SAME.** *Insolvent proceedings. Sale of land to pay debts. Wills. Specific devise.* Where the testator died leaving land undisposed of by will, and some specifically divised, the former only being specially charged with the payment of debts: *Held,* that the lands not devised should be sold first, in exoneration of that which was, from the payment of debts.

FROM WASHINGTON.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

J. L. KIRKPATRICK for complainant.

REEVES & REEVES for defendant.

MCFARLAND, J., delivered the opinion of the court.

Thos. King made his will in 1855, and died soon afterwards. He devised to three of his children— Martha Jane, Jackson, and Landon—each a small tract of land. The general words of the devise to each is sufficient to vest them with a fee simple title; but the following clause is added: "If either of these three, Jane, Jackson, and Landon, should die without lawful heirs of their body, the estate shall fall to the other two; if two should die their estate shall fall to the one; if the one should die without heirs the estate shall be divided equally between Caroline's and James' heirs." Jackson and Landon both died unmarried, and without issue, before the death of the testator. Martha Jane, after the death of the testator, married the complainant Crumley, by whom she had one child born alive; it, however, lived but a short

time, and died, and soon after the said Martha Jane died, leaving no issue living. It is conceded that, by the death of Landon and Jackson, the lands devised to them passed tô Martha Jane, and by her death without issue it passed to the heirs of Caroline and James.

The question is, whether the complainant Crumley is tenant by the curtesy of the land in question. This depends upon the character of the estate of which his wife was seized in these lands.

If she had only a life estate it may be conceded that the husband's claim as tenant by the curtesy cannot be allowed. But the estate of Martha Jane was not a life estate, but an estate of inheritance, *a fee,* upon which, by way of the executing devise, the devise over in favor of the heirs of Caroline and James was limited, a fee upon a fee. The fee simple title of Martha Jane was terminated by the contingency provided for, that is, the death without issue living. The case of *Robert Love* v. *John Ingram et al.,* decided at last term, holds this, in substance, and not that the first taker has only a life estate.

The question then is, whether the husband can be tenant by the curtesy where the estate of the wife was a conditional or determinable fee, as in the present case, and where the condition has happened upon which the limitation over in favor of other parties takes effect.

This is a question of authority, and we understand them to hold, so far as we have opportunity to examine them, that in such case tenancy by the cur-

tesy is allowed. See Washburn on Real Property, side pages 129, 130, 131; 2 Redfield on Wills, page 635, sec. 23.

It further appears that, after the will of the testator was made, he acquired other lands, which he did not dispose of by his will. His will provides for the payment of the debts only out of the personal estate, or if this be not sufficient, that his lands be rented out to pay the balance.

It appears that there is a deficit of personal assets, and the question is, whether the lands not devised shall be sold for this purpose before the lands specifically devised, where the latter are not specially charged with the payment of the debts.

We hold that the lands not devised shall be sold first, in *exoneration* of the lands devised from the payment of debts. 2 Redfield on Wills, p. 867.

The question as to the effect of the will of Martha Jane Crumley, charging her share of the lands not devised to the payment of debts due from her, does not arise. It could not in any event effect the right of the creditors of Thomas King to sell the same for his debts, or the rights of the parties in interest to have the same relief.

It is argued that this bill should have been dismissed, upon the evidence disclosing that the suit was brought under a champertous agreement between the complainants and his solicitors. The record contains testimony of conversations of a casual character, indicating such an agreement. This testimony is not of a satisfactory character, and we should not be inclined

to dismiss the suit upon the grounds involving the professional character of the solicitors without satisfactory proof.

But the charge is fully disproved by the testimony of the complainant and the solicitor with whom the contract was made. It is said their depositions were excepted to, and the exceptions sustained once, so the record shows. But the record shows there were depositions read upon the trial, and there is nothing to show but what these were read without exception. In fact, it does not appear that the chancellor acted upon the question of champerty.

The decree will be affirmed, with costs.

TURNEY, J., dissented, as follows:

I dissent from so much of the opinion as holds a tenancy by curtesy to exist in the land devised to Martha Jane Crumley.