---

(No. 10348.—Reversed and remanded.)
MINNIE C. ALOE, Appellant, *vs.* PERLEY LOWE *et al.* Appellees.

*Opinion filed April 19, 1917.*

1. BASE FEES—*when base fee has the characteristics of a life estate.* If the qualification annexed to a base fee is such that it can not be told whether or not the estate will be determined until the death of the owner thereof, then the interest taken by such owner, so far as his personal use of it is concerned, has all the characteristics of a mere life estate, with the exception that he may convey or devise his interest, and if the event does not happen which is to determine the estate such devise or conveyance will transfer title to the property.

2. WILLS—*when life tenant takes base fee as survivor.* Where the fee of land is given to trustees, to hold for the benefit of three named grandchildren of the testator, who are to have equal shares of the income, but there is a provision that if either of them shall die leaving issue the share of the one so dying shall descend to such issue *per stirpes,* and if any one shall die without issue his share shall go to the survivors, and if all die without issue then the whole estate shall go to a named son of the testator and his heirs, the survivors, in case of the death of one grandchild, take a base or determinable fee in his share of the original devise.

3. DOWER—*widow is entitled to dower in base or determinable fee.* A widow is entitled to dower in a base or determinable fee of her deceased husband which has been determined under an executory devise by failure of issue, and she may recover damages for refusal to assign dower from the time of filing her bill, which may be taken as a demand.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

HAIGHT, BROWN & HAIGHT, for appellant.

N. M. JONES, and ARCHIBALD CATTELL, (JOHN P. WIL-SON, of counsel,) for appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellant, Minnie C. Aloe, (formerly Minnie C. Witbeck,) filed her bill in chancery in the superior court of Cook county for assignment of dower in the undivided one-half of certain real estate of which it was claimed her former husband, Frank M. Witbeck, had been seized during coverture of a base or determinable fee under the last will and testament of Henry Witbeck, deceased, and for an accounting. The trustees under the will and Gertrude H. Torrey, (formerly Gertrude H. Witbeck,) her five children and the three children and heirs-at-law of John H. Witbeck, deceased, a son of Henry Witbeck, were made parties defendant. A general demurrer to the bill was filed on behalf of the trustees, and a like demurrer on behalf of Mrs. Torrey, her husband and her adult children, and an answer, which has been treated as a general demurrer, was filed by the guardian *ad litem* of Dorothy and Mary Torrey, infant daughters of Mrs. Torrey. No appearances were filed by the heirs of John H. Witbeck. These demurrers were sustained and the bill of complaint was dismissed for want of equity. Appellant elected to stand by her bill and has perfected an appeal to this court.

From the allegations of the bill it appears that appellant was married to Frank M. Witbeck on September 12, 1894. Thereafter she filed her bill for divorce in the circuit court of Cook county against him, and in accordance with the prayer of her bill was granted a decree of divorce from him for his fault on the 15th day of December, 1898. He died July 5, 1909, without having again married and without leaving issue or descendants of issue. He was one of the three grandchildren of Henry Witbeck, who died April 12, 1891, testate, making said Frank M. Witbeck, a

sister, Gertrude H. Witbeck, and Henry J. Witbeck and others, beneficiaries in his will. Henry J. Witbeck, a brother of Frank M. Witbeck and one of the three grandchildren mentioned in the will, died intestate and without issue or descendants of issue on June 16, 1896, and his estate was administered in the probate court of Cook county. At that time Gertrude H. Witbeck, a grand-daughter of Henry Witbeck and sister of Frank M. and Henry J. Witbeck, was married to Charles L. Grice and had borne three children, Yvonne, Evelyn and Delphine, all of whom were then living. Afterward Grice died and said Gertrude H. married Clarence T. Torrey, by whom she had two other children, Dorothy T. and Mary D. Torrey. The names of the three Grice children were by decree of court changed to Torrey. The testator's son John H. died a widower on October 27, 1904, leaving him surviving a son, Henry Y. Witbeck, and two married daughters.

The questions presented by the pleadings in the lower court and the assignments of error in this court are, first, whether Frank M. Witbeck, under the terms of the will of his grandfather, Henry Witbeck, took a base or determinable fee in any of the real estate held by said trustees, under the residuary clause of the will; and second, whether appellant, as his widow, is entitled to dower in such real estate.

The estate or interest which Frank M. Witbeck took in the real estate of his grandfather by reason of the will depends upon the construction to be given certain clauses of said will,—that is, the first, sixth, seventeenth and nineteenth clauses,—which are as follows:

"*First*—I give, devise and bequeath all of my estate, of every name and nature, real, personal and mixed, of which I shall die possessed, wherever the same may be situate, to my trustees hereinafter named, and to their successors in trust, vesting them with the fee thereof, to have and to hold the same for the purposes and uses hereinafter pro-

vided, excepting so much of my said estate as I may otherwise specifically devise herein." ·

"*Sixth*—I further provide that in case of my said wife, Huldah's, death before my death, or in case she shall survive me, then upon her death the said homestead premises above set apart to her as such shall in either of the foregoing events vest in my said trustees and their said successors in trust as a part of my residue estate, and shall be held by my said trustees for the use and benefit of my three grandchildren, Frank M. Witbeck, Gertrude H. Witbeck and Henry J. Witbeck, for the lifetime of said last named three grandchildren, as hereinafter provided."

"*Seventeenth*—All the rest and residue of my said estate not specifically hereinbefore devised, including my homestead, after my said wife, Huldah, shall cease to have any interest therein, I direct that my said trustees· and their successors in trust shall hold, manage and control as in their judgment they shall deem best, for the use and benefit of my three grandchildren, Frank M. Witbeck, Gertrude H. Witbeck and Henry J. Witbeck, children of my deceased son, George Witbeck, my said trustees and their successors in trust to hold said last named residue estate for the use and benefit of the last named three grandchildren during their lifetime, the net income therefrom to be divided into three equal parts, one part to be paid to each of said last named grandchildren from time to time, as my said trustees and their successors in trust shall in their judgment deem for the best interest of said grandchildren, subject to the restrictions and reservations hereinafter mentioned.

"*Nineteenth*—I further provide and direct that in case of the death of either of my said three grandchildren, Frank M. Witbeck, Gertrude H. Witbeck and Henry J. Witbeck, leaving issue or descendants of issue them surviving and born in lawful wedlock, the one-third ($\frac{1}{3}$) share of all of my estate left for said last named three grandchildren shall descend to such issue or descendants of issue of each child

so deceased, such issue and descendants of issue to take *per stirpes* and not *per capita;* and in case any one or more of said last named three grandchildren shall die without leaving any such issue or descendants of issue, then said one-third (⅓) share of my said residue estate shall go to the survivor or survivors of said last named three grandchildren; and I further provide and direct that in case of the death of all three of said last named grandchildren without either of them leaving such issue or descendants of issue them surviving, then all of said estate hereby provided for such last named three grandchildren shall descend to my son, John H. Witbeck, and his heirs-at-law."

This will was before this court in the case of *Lombard* v. *Witbeck,* 173 Ill. 396. In that suit a bill was filed by the trustees under the will after the death of Henry J. Witbeck for a construction of certain clauses of the said will, including those above mentioned, and for the purpose of ascertaining, among other things, what disposition should be made of the share of the real estate willed to Henry J. by reason of his death without issue, leaving his brother, Frank M. Witbeck, and his sister, then Gertrude H. Grice, him surviving. From the opinion in that case it appears that the lower court found and decreed, among other things, that the share of the real estate of Henry J. Witbeck descended to Frank M. Witbeck and Gertrude H. Grice, as tenants in common, in equal shares, in fee, determinable upon both of said tenants leaving no issue or descendants of issue. In that opinion, on page 409, there is a discussion of the nature and extent of determinable fees, and the decisions in the cases of *Friedman* v. *Steiner,* 107 Ill. 125, *Summers* v. *Smith,* 127 id. 645, *Strain* v. *Sweeny,* 163 id. 603, and *Smith* v. *Kimbell,* 153 id. 368, are referred to, in which cases it was held that language similar to that used in the nineteenth clause of the will under consideration devised a base or determinable fee. From the language of the opinion in that case and the authorities referred to

we think it is clear that this court agreed with the holding of the lower court that the language of the nineteenth clause created a base or determinable fee in Frank M. Witbeck and Gertrude H. Grice in the equitable share of the estate which would have gone to the issue of Henry J. had he died leaving issue. It is true that the court further says on page 407 of the opinion: "Whether the title which they would take by the construction of the language, 'the said one-third,' etc., shall go to the survivor or survivors of said last named three grandchildren, followed by the devise over to John H. Witbeck and his heirs, would be a fee determinable or a mere life estate, is not, in the view we take of the case, important." It is also true that in that case the result was the same, so far as the use of the estate by the grandchildren was concerned, whether the estate created was a life estate or a fee determinable, but this does not change the character of their estate in the property.

In this connection some confusion has arisen respecting base or determinable fees as distinguished from mere life estates. The principal contention of appellees is that the husband of appellant and his brother and sister never took anything but life estates in the property in controversy. The definition given by Blackstone of a base fee is as follows: "A base or qualified fee is such a one as hath a qualification subjoined thereto and which must be determined whenever the qualification annexed to it is at an end." (Cooley's Blackstone, book 2, p. 109.) If the qualification is such that it cannot be told whether or not the estate will be determined until the death of the owner thereof, then the interest taken by such owner, so far as his personal use of it is concerned, has all the characteristics of a mere life estate, the only difference being that in case of a fee determinable the owner can convey or devise his interest, and if the event does not happen which will cut down his fee simple to a base or determinable fee, such

devise or conveyance will be good and effectual to transfer title to the property so held.

By the first clause of the will the testator vests the trustees named therein with the fee simple title to all the real estate willed to the three grandchildren for the uses and purposes mentioned in the clauses that follow. By the sixth and seventeenth clauses the homestead premises after the death of the testator's wife, and the residue of the estate, are to be held, managed and controlled by the trustees for the use and benefit of the three grandchildren, Frank M., Gertrude H. and Henry J. Witbeck, during their lifetime, and the income therefrom is to be divided into three equal parts and one part paid to each of the said grandchildren. This gives them a life estate in the homestead and residuary property. By the nineteenth clause, which is the one having the most bearing on the questions in controversy, the testator first directs that in case of the death of either of said three grandchildren leaving issue or descendants of issue them surviving, born in lawful wedlock, then the one-third share of all the estate left for said three grandchildren shall descend to such issue or descendants of issue of the child so deceased, such issue and descendants of issue to take *per stirpes* and not *per capita.* The testator next directs that in case any one or more of said last named three grandchildren shall die without leaving any such issue or descendants of issue, then said one-third share of said residue estate shall go to the survivor or survivors of the said three grandchildren. It is then provided that in case of the death of all three of said last named grandchildren without either (any) of them leaving such issue or descendants of issue them surviving, then all of said estate thereby provided for such last named three grandchildren shall descend to the testator's son John H. and his heirs-at-law. In this clause the testator directs his residue estate to be divided into three parts in the same manner as the income was divided by the seventeenth clause. By the seventeenth

clause each of said grandchildren is to have the income from this one-third share during his life. By the first part of the nineteenth clause, if any one of them dies leaving issue or descendants of issue surviving, born in lawful wedlock, the fee in such one-third is to go to them. The second part of the nineteenth clause provides for the condition that has happened, and the question is, what became of the share of Henry J. Witbeck when he died without leaving issue or descendants of issue, leaving his brother, Frank M. Witbeck, and his sister, Gertrude H. Witbeck, (now Torrey,) him surviving? Substituting the names of the grandchildren in the second part of the nineteenth clause it would read as follows: "And in case Henry J. Witbeck shall die without leaving any such issue or descendants of issue, then said one-third share of my said residue estate shall go to Frank M. Witbeck and Gertrude H. Witbeck." If the nineteenth clause stopped there, then there would be no question that on the death of one of the grandchildren the fee in the one-third share would vest in the other two, and would so vest but for the last part of the nineteenth clause, which provides that in case of the death of all three of said grandchildren without either of them leaving issue or descendants of issue them surviving, then all of said estate provided for them shall descend to the testator's son and his heirs-at-law. This last provision is in the nature of an executory devise, and its effect is to cut down the devise just preceding from a fee simple devise to a base or determinable fee. These contingencies are thus provided for: Each one of said grandchildren takes a life estate in one-third of the residue, and if any of them die leaving issue such one-third goes to them; if one of them dies without leaving issue or descendants of issue such one-third share goes to the two survivors; and if one of the other two dies without issue such share so inherited by him goes to the other survivor. In case the third grandchild dies leaving issue, such issue will take one-

third of the residuary estate under the first part of the nineteenth clause as a remainder in fee, and they would take the other two-thirds by descent, unless their parent had in the meantime devised or conveyed such one-third. In case all die without leaving issue surviving, the residue all descends to the heirs-at-law of John H. Witbeck.

In *Strain* v. *Sweeny, supra,* the first clause of the will of Joseph Sweeny was as follows: "I give, devise and bequeath to my son, Dennis. S. Sweeny, my homestead, [describing it,] to him and his heirs forever, but in case he should die without issue of his body, then the same shall go to the heirs of Nelson C. Sweeny, to them and their use forever." The court construed the meaning and effect of this clause on page 610 of the opinion, in the following language: "The devise to Dennis S. Sweeny must be regarded as the devise of a fee determinable upon his dying without leaving children at the time of his death. It can not be known until his death whether the contingency will happen by which the limitation over is to take effect. If he dies leaving no children at the time of his death the children of Nelson C. Sweeny will take the property, but if he leaves a child or children at that time the property will go to such child or children."

In *Smith* v. *Kimbell, supra,* the testatrix devised certain property to her daughter, Sarah Jane Spears. Following such devise the will contained the following provision: "And should the said Sarah Jane Spears die leaving no heirs, I will and direct that all of the above described property shall be equally divided between my sisters," naming them. The court held, in construing that particular will, that the word "heirs" should be construed as children, and that the provision above quoted was valid as an executory devise, and that the words "die leaving no heirs" were equivalent, under the circumstances of that particular case, to the words "die leaving no children at the time of her death;" also that such executory devise was not void for

278 — 16

remoteness, and that the effect of the devise was to vest a fee in the first taker, the daughter, determinable upon her dying without leaving children at the time of her death. In the opinion in that case it is said, on page 377: "The necessary result of the construction, by which the words in question are held to import a definite and not an indefinite failure of issue, is, that the devise to Sarah Jane Spears must be regarded as the devise of a fee determinable upon her dying without leaving children at the time of her death. (*Summers* v. *Smith, supra.*) It cannot be known until the death of Mrs. Dustan, [formerly Sarah Jane Spears,] whether the contingency will happen by which the limitation over is to take effect. If she dies leaving no children at the time of her death her mother's sisters will take the property, but if she leaves a child or children at that time such child or children will take the property as her heirs."

Appellant did not set up the decree of the circuit court in the case of *Lombard* v. *Witbeck, supra,* as *res judicata* of this question and counsel may disagree as to the effect of the opinion of this court in that case, but in the view we take of the will in question, Frank M. Witbeck, on the death of his brother, Henry J., became seized of an equitable one-sixth of said residue estate as a base or determinable fee, which was determined by his dying intestate without leaving issue or descendants of issue him surviving. This was the only portion in which appellant could claim a right of dower. As to whether she can claim a dower interest in that, the first section of the Dower act provides that the surviving husband or wife shall be endowed of a third part of all the lands whereof the deceased husband or wife was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form, and that equitable estates shall be subject to such dower.

A base or determinable fee in real estate is an estate of inheritance and descends to the heirs-at-law of the owner

thereof, and, as before stated, the interest which Frank M. Witbeck inherited from his brother would have descended to his children if he had left any children and had not devised or conveyed such interest. It was a fee simple estate in him, subject to be determined by his dying without leaving issue or descendants of issue and a freehold of inheritance. (*Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 Ill. 83; *Becker* v. *Becker,* 206 id. 53.) While it has never been decided by this court that a widow is entitled to dower in lands of which her husband was seized of a base or determinable fee, in *Gannon* v. *Peterson,* 193 Ill. 372, it is said, on page 381 of the opinion: "The authorities are uniform as to the definition, duration and extent· of a base or determinable fee. They are agreed that it is a fee simple estate,—not absolute, but qualified. Upon the death of the donee his widow has dower although the contingency may have happened that defeats the estate, and that within the general acceptation and meaning of the term the person seized of such an estate is not chargeable with waste." In *Buckworth* v. *Thirkell,* 3 B. & P. 652, it was held that the husband of a wife owning a determinable fee was entitled to curtesy, and in *Moody* v. *King,* 2 Bing. 447, it was held that a wife was entitled to dower in such an estate of her husband, and these were cases in which the event that determined the fee was the death of the holder without issue. According to the weight of authority, both in this country and in England, with the exception of the courts of Alabama, as far as we are advised, a widow is entitled to dower in a base or determinable fee of her deceased husband which· has been determined by an executory devise and failure of issue, as in the case at·bar. *Evans* v. *Evans,* 9 Barr, 190; *Milledge* v. *Lamar,* 4 Desauss. 617; *Kennedy* v. *Kennedy,* 29 N. J. L. (5 Dutch.) 185; *Pollard* v. *Slaughter,* 92 N. C. 72; *Medley* v. *Medley,* 27 Gratt. (68 Va.) 658; *Tomlinson* v. *Nickell,* 24 W. Va. 148; *Landers* v. *Landers,* 151 S. W. Rep. (Ky.) 386; *Crumley* v.

*Deake,* 67 Tenn. 361. See, also, Kales on Future Interests, sec. 158*b;* 1 Scribner on Dower, (2d ed.) chap. 14, p. 314.

Appellant is entitled to dower in an undivided one-half of the one-third portion of the real estate of which her husband, as one of the three grandchildren of Henry Witbeck, was seized of an equitable estate in determinable fee, and she is entitled to recover damages for refusal to assign dower from the time of filing her bill, which may be taken as a demand. *Warner* v. *Warner,* 235 Ill. 448.

For the reasons given, the decree of the superior court sustaining the demurrers to appellant's bill is reversed and the cause remanded to that court, with directions to overrule the demurrers, and for further proceedings in conformity with the views herein expressed.

*Reversed and remanded, with directions.*