(No. 13438.—Decree affirmed.)

CLARENCE J. BEATY et al. Appellants, vs. JAMES W. CAL-
LISS, Appellee.

*Opinion filed October 23, 1920.*

1. WILLS—*when contingency must happen where gift over is
preceded by particular estate.* Where there is a devise of a future
interest which depends upon a contingency and is to take effect
in possession upon the termination of an intervening particular es-
tate, the intention is construed to be that the gift over shall take
effect if the contingency happens at any time during the existence
of the particular estate, unless there is something in the will show-
ing that the testator referred to a later date.

2. SAME—*first devisee will be given estate of inheritance if in-
tention is not to the contrary.* On grounds of public policy, where
the meaning of a devise over is doubtful, such construction will be
adopted which will give an estate of inheritance to the first devi-
see, provided the will itself does not indicate a contrary intention.

3. SAME—*the word "issue" may be construed to mean "chil-
dren."* In a legal sense the word "issue" means descendants and
includes the whole line of lineal descendants, but in a popular sense
the word may mean child or children and may be used in that sense
in a will.

4. SAME—*when a devise over depending upon death without
children will take effect if such contingency happens at any time.*
Where a testator, after giving his wife a life estate with remainder
to his grand-daughter, provides that the latter shall not take con-
trol until she becomes of age but that a trustee shall act until that
time, if necessary, and further provides that if the grand-daughter
dies before the wife or subsequent thereto, leaving no surviving
child or descendants of such, the land shall go to the testator's
brother, the devise over will take effect if such death occurs at any
time without leaving a surviving child or descendants of such.

5. HOMESTEAD—*there is no homestead after determinable estate
ends with death of householder.* Although a homestead is now an
estate the purpose of the statute is merely to exempt the property
from the householder's debts, and the estate is measured by the
value of the interest which the householder actually has in the
premises; and where the householder has a determinable fee, which
comes to an end at her death, her husband is not entitled to an
estate of homestead.

6. DOWER—*husband is entitled to dower in wife's determinable
fee.* Where a wife has come into possession of an estate by a pro-

vision in a will, with a devise over in case of her death without issue, upon the happening of the contingency her surviving husband is entitled to dower.

7. SAME—*dower may be assigned with dwelling house if there is no homestead right.* Under section 37 of the Dower act dower may be assigned to a husband so as to include the dwelling house if it can be done without injustice to any party and there is no homestead right.

APPEAL from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding.

ROBERT H. PATTON, and GRAHAM & GRAHAM, for appellants.

JOHN L. KING, and BARBER & BARBER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellants filed in the circuit court of Sangamon county their bill in equity to quiet their title to eighty acres of land and for partition. The bill alleged that Bertha E. Beaty acquired title to the land by devise from her grandfather, Randolph M. Calliss; that she died intestate, leaving the appellants her heirs-at-law, and that the appellee, James W. Calliss, claimed an interest in the land by virtue of an executory devise but his claim was unfounded. The bill was answered and the issue referred to the master in chancery, who took the evidence and reported the same with his conclusion that the premises were owned in fee simple by the appellee, subject to the dower of the appellant Clarence J. Beaty, surviving husband of Bertha E. Beaty. The cause was heard on exceptions to the report, which were overruled and a decree was entered finding James W. Calliss to be the owner in fee simple, that Clarence J. Beaty was entitled to dower in the land and that none of the complainants had any other right, title or interest therein. The decree provided for an assignment of dower, and that in

such assignment Beaty should have the dwelling house, if he desired it.

Randolph M. Calliss was the owner of the land and he died on December 13, 1897, leaving a last will and testament, made on March 9, 1897. The third clause of the will, which devised the land, was as follows:

"*Third*—I give, devise and bequeath to my said wife, Elizabeth A. Calliss, to have and to hold for her use and benefit during her natural life, my farm, described as follows: The south half of the southeast quarter of section thirty-one (31), township thirteen (13), north, range five (5), west of the third principal meridian, situated in the county of Sangamon and State of Illinois, and direct that should use so much of the proceeds therefrom as may be necessary to keep the taxes thereon paid and the buildings and improvements thereon in good repair. And at the death of my said wife the said farm shall descend to my grand-daughter, Bertha Eva Williamson, but it is my will that my said grand-daughter shall not assume control of said premises until she attains the age of twenty-one years, and if my said wife shall die before my said grand-daughter shall reach such age of twenty-one years, I direct that a trustee be appointed to control and manage such farm for the benefit of my said grand-daughter. If, however, my said grand-daughter should die before my said wife or subsequent thereto, leaving her surviving no child or descendants of such, then I direct that my said farm shall descend to my brother, James W. Calliss, if he should be then living; if not, I direct that the said lands be sold at public or private sale, as may seem most advantageous, and the proceeds thereof divided among the children of my said brother, James W. Calliss, then living, in equal shares."

When the will took effect Bertha E. Williamson was four years of age, and at the death of Elizabeth A. Calliss, on April 1, 1907, when the life estate came to an end, she was fourteen years old. From that time until she was

twenty-one years of age she was entitled to the income of
the land, but the management and control were by the will
placed in a trustee.  At the termination of the trust she
assumed control and possession of the land and was mar-
ried to Clarence J. Beaty on November 25, 1918.  She died
intestate on September 27, 1919, leaving no issue surviv-
ing her, and leaving the appellants, her husband, Clarence
J. Beaty, and her father, brothers and sisters, as her heirs-
at-law,

The principal question is whether the executory inter-
est limited upon the death of Bertha E. Beaty leaving no
surviving child or descendants of such, was intended by the
testator to take effect only upon the happening of the con-
tingency during the trust prior to her attaining the age of
twenty-one years, when she was to come into possession and
control of the premises, or upon her death at any time un-
der the conditions stated in the will.  She was four years
of age when the will took effect and the life tenant was
fifty-nine years of age, so that it was quite natural that the
testator should have contemplated, as he in fact did, that
there might be a period after the termination of the life
estate during which the devisee would be under twenty-one
years of age, and he provided that if there should be such
a period a trust should be created for the management and
control of the property.  There was such an intervening
period, and the argument for the appellants is that when
the devisee came into possession and control of the prop-
erty she was invested with the fee simple title.

While the purpose of construction is to ascertain the in-
tention of the testator, it has been settled by judicial con-
struction that certain provisions manifest such intention.
One such case is where there is a devise of a future in-
terest to take effect in possession upon the termination of
an intervening particular estate, and it is held that the in-
tention in such case is that the gift over shall take effect if
the contingency happens at any time during the existence

of the particular estate, unless there is something in the will
showing that the testator referred to a later date. (*Lach-
enmyer* v. *Gehlbach,* 266 Ill. 11; *Spencer* v. *Spencer,* 268
id. 332; *Sheley* v. *Sheley,* 272 id. 95; *Abrahams* v. *San-
ders,* 274 id. 452; *Fulwiler* v. *McClun,* 285 id. 174; *Mor-
ris* v. *Phillips,* 287 id. 633; 40 Cyc. 1505; 2 Jarman on
Wills, 1568; Underhill on Wills, sec. 346.) In *Welch* v.
*Crowe,* 278 Ill. 244, there was a period during which a trust
was created, and in this case provision was made for an
intermediate period for withholding enjoyment, possession
and control from the devisee, and at twenty-one years of
age she was to be invested with all the rights of the owner
of the fee.

On grounds of public policy it is the settled rule of this
court that where construction is doubtful a construction will
be adopted which will give an estate of inheritance to the
first devisee. (*Kohtz* v. *Eldred,* 208 Ill. 60; *Mills* v. *Teel,*
245 id. 483; *Williamson* v. *Carnes,* 284 id. 521; *Sheridan*
v. *Blume,* 290 id. 508.) In conformity to that rule the
contingency upon which the executory devise was to take
effect might well be referred to the period of the life es-
tate and the interval between the termination of that estate
and the time when the devisee was to come into full enjoy-
ment of the devise, if it were not that the will itself indi-
cates a contrary intention. The testator specifically pro-
vided for the contingency of death before that of the life
tenant or subsequent thereto and upon the devisee leaving
her surviving no child or descendants of such. It is true
that the rule has been consistently applied in the above cases
where the word "issue" was employed, and in a legal
sense that word means descendants and includes the whole
line of lineal descendants, (*Arnold* v. *Alden,* 173 Ill. 229;
23 Cyc. 359;) but in a popular sense it may mean child
or children and may be used in that sense in a will. In
view of the policy of the law the word might be held to
mean a child, which would not be improbable at twenty-

one years. In this case the contingency specifically and definitely mentioned in the will was the death of the devisee (then a child) leaving no child or descendants of such, and by the words of the will must have referred to a later date than the time when she would become twenty-one years of age, as she could not have descendants of a child at that age. This provision was at variance with the policy of the law as well as an intention of the testator which would otherwise be presumed. The conclusion that the executory devise took effect on the death of Bertha E. Beaty at twenty-six years of age without leaving her surviving a child or descendant was correct.

By the decree Clarence J. Beaty was denied a homestead, which was formerly a mere exemption but is now an estate. (*Gray* v. *Schofield,* 175 Ill. 36; *Hertz* v. *Buchmann,* 177 id. 553; *Roberson* v. *Tippie,* 209 id. 38.) Although an estate, the declared purpose of the Homestead act is to exempt it from attachment, judgment, levy or execution, sale for the payment of the householder's debts or other purposes, and from the laws of conveyance, descent and devise, except as therein provided. The homestead estate is measured and defined by the value of the interest and title which the householder actually has in the premises, whether a fee or by lease or otherwise. The estate of homestead ends with the determination of the householder's estate, whatever it may be, and as the estate of Bertha E. Beaty came to an end at her death the decree as to the homestead was correct.

A cross-error has been assigned on the allowance of dower to Clarence J. Beaty. Bertha E. Beaty having been in her lifetime seized of an estate of inheritance, although it was determinable upon the happening of a specified contingency, her surviving husband was entitled to dower. *Aloe* v. *Lowe,* 278 Ill. 233.

The decree provided that in assigning dower Clarence J. Beaty should have the dwelling house, if he so desired.

There is a provision of that kind in section 37 of the Dower act, but it is urged that the section applies only to cases where one entitled to dower has a homestead. The section does not authorize the allotment of the dwelling house in the assignment of dower where the homestead right is owned by a third person and not by the surviving husband or wife, (*Best* v. *Jenks,* 123 Ill. 447,) but we see no reason why dower may not be assigned including the dwelling house, where there is no homestead right, in case one entitled to dower shall so desire and the commissioners shall be able to make such assignment without injustice to anyone. That question and the question of costs will arise hereafter on the report of the commissioners and in the final decree.

The decree is affirmed.

*Decree affirmed.*