(No. 13919.—Reversed and remanded.)
MINNIE C. ALOE, Appellant, *vs.* PERLEY LOWE *et al.*
Appellees.

*Opinion filed June 22, 1921.*

1. APPEALS AND ERRORS—*trial court will be presumed to have intended to observe mandate in entering decree after remandment of cause.* In construing a decree entered after the remandment of a cause the trial court must be presumed to have intended to do its duty in observing the mandate of the Supreme Court, and the decree entered must be considered with reference to the other parts of the record, the pleadings, the issues in the case, the former decree and the mandate, and, if possible, the second decree should be given an interpretation which will make it correct and consistent with the mandate.

2. JUDGMENTS AND DECREES—*a decree should be construed with reference to the issues to be decided.* A decree is to be construed with reference to the issues it was intended to decide, and if its language is broader than is required, it will, if possible, be limited by construction so that its effect shall be such, only, as is needed for the purposes of the case that has been made and the issues that have been decided.

3. WILLS—*construction of decree entered after remandment of cause when part of former decree is affirmed.* Where a portion of a decree construing a certain devise over to create a determinable fee and not a life estate is affirmed on appeal and the decree is reversed on other grounds, a decree entered after the remandment of the cause, which does not purport to define the character of the estate but gives directions to the trustees as to its management and control, must be construed in the light of the former decree as to the character of the estate and will not be regarded as modifying the former.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HAIGHT, ADCOCK, HAIGHT & HARRIS, for appellant.

WILSON, MCILVAINE, HALE & TEMPLETON, N. M. JONES, and ARCHIBALD CATTELL, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The controversy on this appeal is whether the equitable interest of Frank M. Witbeck under the will of Henry Witbeck in the one-half of the one-third interest in certain real estate devised to Henry J. Witbeck, after the latter's death was a determinable fee or only a life estate. It was held to be a determinable fee in *Lombard* v. *Witbeck,* 173 Ill. 396, and on a former appeal in this cause. (*Aloe* v. *Lowe,* 278 Ill. 233.) It is now argued on behalf of the appellees that after the remandment of the cause in *Lombard* v. *Witbeck,* with directions to enter a decree in conformity with the views expressed by the court in its opinion, the circuit court of Cook county in entering its decree, as required by the direction of this court, decreed the estate of Frank M. Witbeck to be a life estate and not a determinable fee; that no appeal or writ of error was prosecuted to review the decree; that it is therefore binding on all the parties to it and is an adjudication against the appellant, who was a party, as well as her husband, that the estate of the latter was a life estate and not a determinable fee.

The original bill in this case was filed by Minnie C. Aloe in the superior court of Cook county for the assignment of dower in the real estate in question, of which she alleged her former husband, Frank M. Witbeck, was seized of an equitable determinable fee during the marriage, and for damages for a failure to assign such dower. She was divorced from him for his fault and he afterward died. A demurrer was sustained to the bill and it was dismissed but the decree was reversed. (*Aloe* v. *Lowe, supra.*) This court found that she was entitled to dower and to damages from the filing of her bill. The cause was remanded, with directions to overrule the demurrer and for further proceedings in conformity with the views expressed in the opinion. This judgment of reversal rested upon the construction of the will of Henry Witbeck, who died in 1891 and

whose will was construed in *Lombard* v. *Witbeck, supra.*
In both these cases it was held that Frank M. Witbeck took
an equitable, determinable fee in the portion of his father's
estate in controversy here. When the cause was re-instated
in the superior court an order was entered overruling the
demurrer and requiring the defendants to answer. An an-
swer was filed, which was afterward amended. It denied
that Frank M. Witbeck was seized of a determinable fee
and averred that he had only a life estate. It set out a
copy of the decree rendered by the circuit court of Cook
county on July 16, 1898, in the case of *Lombard* v. *Witbeck,*
in obedience to the mandate of this court directing the en-
try of a decree in conformity with the views expressed in
the opinion filed, and relied upon the decree as an adjudica-
tion of the rights and interests of all the parties and a bar
to the complainant's claim. Exceptions taken by the com-
plainant to that part of the amended answer which set forth
the decree as a plea of former adjudication were sustained.
Three and a half years later the questions of the yearly
value of the dower and the amount of the damages were
submitted to a jury, which returned a verdict assessing the
former at $2000 and the latter at $10,544.38. Thereupon
the defendants gave in evidence, over the appellant's ob-
jection, the record of the circuit court in the case of *Lom-
bard* v. *Witbeck,* including the pleadings, the mandate upon
the reversal of the decree, and the decree entered under the
direction of the mandate on July 16, 1898, and the court,
accepting the view of the appellees' counsel as to the effect
of the decree of the circuit court, entered a decree which
set aside the verdict of the jury and the order sustaining
the exceptions to the amended answer, overruled the ex-
ceptions and dismissed the bill for want of equity. The
complainant has appealed from that decree.

The appellant contends that the decree of the circuit
court in the case of *Lombard* v. *Witbeck, supra,* is in
conformity with the mandate and opinion of the Supreme

Court, and that, whether it was or not, the judgment and mandate of the Supreme Court on the appeal from the first decree dismissing the bill in this case precluded the appellees from relying in their answer upon a construction of the will at variance with that adopted in *Lombard* v. *Witbeck.* If either proposition is sustained the other becomes immaterial. We shall therefore consider the first, only. ·

The property in question is one-half of the one-third of the testator's estate left to Henry J. Witbeck, who died without leaving any issue, and the question arises upon the construction of the nineteenth clause of the will in view of this event. The will and all the facts necessary to a complete understanding of the case are set out in *Lombard* v. *Witbeck, supra,* and that case was fully considered in *Aloe* v. *Lowe, supra.* If Frank M. Witbeck had an estate of inheritance in the premises during his marriage to the appellant she is entitled to dower, otherwise not.

We decided on the first appeal that "Frank M. Witbeck on the death of his brother, Henry J., became seized of an equitable one-sixth of said residue estate as a base or determinable fee, which was determined by his dying intestate without leaving issue or descendants of issue him surviving," and that it was clear from the language of the opinion in *Lombard* v. *Witbeck, supra,* that the court then "agreed with the holding of the lower court that the language of the nineteenth clause created a base or determinable fee in Frank M. Witbeck and Gertrude H. Grice in the equitable share of the estate which would have gone to the issue of Henry J. had he died leaving issue." The character of the estate actually devised to Frank M. Witbeck by the nineteenth clause of the will is therefore not open to question in this case. The appellees' contention is that the circuit court, upon remandment, decreed that Frank M. Witbeck had only a life estate and not a determinable fee, and that this decree, however erroneous, is binding on the complainant since no attempt was ever made to correct it.

·The first decree of the circuit court in *Lombard* v. *Witbeck, supra,* found and decreed that the share of Henry J. Witbeck "should descend to Frank M. Witbeck and Gertrude H. Grice as tenants in common, in equal shares, in fee, determinable upon the death of both of said tenants leaving no issue or descendants of issue." This part of the decree was affirmed by the judgment of the Supreme Court, which reversed the decree only as to the matters indicated in the opinion. Thereupon the circuit court, having considered the mandate of the Supreme Court, entered the decree of July 16, 1918, and the decree from which the present appeal was taken is based upon the proposition that the circuit court, misconstruing the mandate, rendered a decree contrary to its direction and contrary to that part of its own decree which had been affirmed.

If the decree were to be interpreted merely by a consideration of certain expressions apparently favorable to the construction claimed by the appellees and adopted by the superior court in rendering the present decree there would be force in the appellees' contention. It must be presumed, however, that it was the intention of the circuit court, as it was its duty, to observe the mandate of this court and enter a decree in accordance with it and not a different decree. The decree which was actually entered must therefore be considered with reference to the other parts of the record, the pleadings, the issues in the case, the former decree and the mandate, and if it is capable of an interpretation which will make it correct and consistent with the mandate which it was the duty of the court to follow, it must receive such interpretation and not one which would make it erroneous. It is well settled that a decree is to be construed with reference to the issues it was intended to decide, and if its language is broader than is required it will be limited by construction so that its effect shall be such, only, as is needed for the purposes of the case that has been made and the issues that have been decided. (*City*

of *Vicksburg* v. *Henson*, 231 U. S. 259; *Graham* v. *Chamberlain*, 3 Wall. 704; *Doscher* v. *Blackiston*, 7 Ore. 403; *Clay* v. *Hildebrand*, 34 Kan. 701.) The decree must be construed in connection with the fact that the circuit court in its first decree had adjudged that the original one-third belonging to Henry J. Witbeck should descend to the other two grandchildren in equal shares in fee, determinable upon the death of both leaving no descendants; that this court in reviewing the decree agreed with the holding of the circuit court and affirmed the decree in this respect, reversing it only as to the matters in which a disagreement with the circuit court was indicated by the opinion, and that the cause was remanded, with directions to enter a decree in conformity with the opinion. The decree which the circuit court thereupon rendered first modified its former decree in regard to the disposition of the personal estate in the particulars required by the mandate and then proceeded to enter the decree in respect to the real estate directed by the mandate. In so doing the decree then entered does not repeat the language stating the descent of the original one-third belonging to Henry J. Witbeck to his brother and sister in fee, determinable upon the death of both leaving no descendants, and makes no express finding as to the character of the equitable estate of Frank M. Witbeck and Gertrude H. Grice. It recites the claim of Frank M. Witbeck and Gertrude H. Grice in regard to the real estate that each is entitled, under the nineteenth clause of the will, to receive as his or her absolute property one-half of one-third of all the real estate left by the testator for the use and benefit of his three grandchildren. In respect to this claim it is decreed that the undivided one-third of the real estate held by the trustees under the will for the use of Henry J. Witbeck during his lifetime remains vested in the trustees as a part of the residue of the testator's estate, in trust for the benefit of Frank M. Witbeck and Gertrude H. Grice. This disposed of the claim of these two beneficiaries of the

trust to the absolute ownership of the one-third of the real estate belonging to Henry J. Witbeck free from the trust. The bill which was filed by the trustees prayed not only for a construction of the will as to whether the title to Henry J. Witbeck's one-third of the real estate remained subject to the trust, but also for instructions to the trustees as to the disposition of the personal property and the disposition and management of the trust estate and the income therefrom, the rights in the trust estate of Frank M. Witbeck, Gertrude H. Grice and John H. Witbeck, and the final distribution of the trust estate so as to carry out the true intent and meaning of the will. After having decreed that the real estate remained subject to the trust, the court proceeded to decree that the trustees hold the undivided one-third devised to Henry J. Witbeck for the benefit of Frank M. Witbeck and Gertrude H. Grice upon like trusts and with the same powers and duties as provided by the will in respect of the original shares of the three grandchildren, and pay over the net income from said undivided one-third, subject to the restrictions, reservations and discretions contained in the will, to Frank M. Witbeck and Gertrude H. Grice, and upon the death of either leaving descendants surviving, the trustees deliver the share of the decedent in the undivided one-third, together with the original share of the decedent in the residue real estate, in fee simple absolute, to such descendants, *per stirpes* and not *per capita;* and if Frank M. Witbeck or Gerturde H. Grice should die leaving no descendants, then the share of such decedent in the undivided one-third, together with the original share of such decedent, remain vested in the trustees in trust for the benefit of the survivor of Frank M. Witbeck and Gertrude H. Grice, upon like trusts and with the same powers and duties as provided in the will in respect to the original shares of the three grandchildren, and that the trustees pay over the net income to such survivor, subject to the restrictions, reservations and discretions contained in the will, and that upon

the death of such survivor leaving descendants, the trustees convey to such issue, in fee simple absolute, free from said trust, the whole of the residue real estate, such descendants to take *per stirpes* and not *per capita;* that in case Frank M. Witbeck or Gertrude H. Grice shall die leaving descendants and afterward the other shall die leaving no descendants, the trustees shall convey to the descendants of such first deceased the share of such last deceased in the undivided one-third of said real estate and also the original share of such last deceased in the residue real estate in fee simple absolute, free from the trust, such descendants taking *per stirpes* and not *per capita,* and in case both Frank M. Witbeck and Gertrude H. Grice shall die without leaving descendants, the trustees shall convey and deliver to John H. Witbeck and his heirs-at-law all the real estate forming a part of the residue estate of the testator in fee simple absolute, free from the trust.

These provisions of the decree do not purport to define the character of the estate of the appellees in the one-third of the real estate in controversy. The provision that it is held by the trustees upon like trusts and with the same powers and duties as provided in the will in respect to the original shares of the three grandchildren refers to the management and control of the one-third of the property in controversy by the trustees and not to the character or extent of the estate of the beneficiaries. The remaining provisions merely instruct the trustees in regard to the payment of the income and the conveyance of the property; but in these particulars, so far as the interest of the grandchildren was concerned, as was stated on the former appeal in this case, the result was the same whether their estate was a life estate or a determinable fee. Considered in the light of the former decree as to the character of the estate, its approval upon appeal and the purpose of the circuit court to conform to the views expressed upon the appeal as shown by the mandate, the decree must be re-

garded not as modifying the former decree in regard to the extent of the estate but only as instructing the trustees as to their duties. Whether the estate was a life estate or a determinable fee, these duties were the same. The directions to the trustees were in conformity with the opinion on the appeal without reference to the character of the estate, and the general statement that the estate is held upon the same trusts and with the same powers and duties as the original shares is qualified and limited by the specification of the particular powers and duties, which are in conformity with the opinion upon the appeal and the mandate.

The decree of the superior court will be reversed and the cause will be remanded, with directions to enter a decree for the appellant for her dower and damages.

*Reversed and remanded, with directions.*