UNITED STATES of America,
Plaintiff-Appellant-Cross
Appellee,

v.

HARRIS TRUST & SAVINGS BANK
et al., Defendants-Appellees-Cross
Appellants.

Nos. 71–1210, 71–1211.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 1, 1972.

Decided May 19, 1972.

Rehearing Denied June 29, 1972.

Certiorari Denied Dec. 11, 1972.

See 93 S.Ct. 554.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Paul M. Ginsburg, Atty., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., for the United States.

William R. Dickinson, Jr., and Paul S. Gerding, Chicago, Ill., for Harris Trust & Savings Bank.

Before SWYGERT, Chief Judge, and KILEY and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The primary question raised by this appeal is whether the district court erred in holding that at her death decedent's interest in a trust established by her grandfather was not includable in her estate for federal estate tax purposes.

Gertrude Witbeck Hanlin ("decedent") died testate on April 11, 1952, survived by five children. At the time of her death, decedent was the sole surviving

income beneficiary of a trust created under the will of her grandfather, Henry Witbeck.

Except for her interest in the trust estate, decedent had assets of only nominal value which were exceeded by her liabilities and funeral expenses. In the year following decedent's death, Harris Trust and Savings Bank, decedent's executor, filed a federal estate tax return. The executor disclosed the trust interest but took the position that it was only a life estate which terminated at her death and was not includable in her estate for federal estate tax purposes. The government included the trust interest and assessed federal estate taxes of $92,459.-63 plus statutory interest against decedent's estate on August 23, 1956.

On June 16, 1964, the government filed this suit after an offer in compromise had been rejected by the government. On February 17, 1967, the district court dismissed the complaint on the ground that it was barred by the six-year statute of limitations governing tax collections. 267 F.Supp. 255. This court reversed and remanded, holding that the statute had been tolled until one year after the offer had been rejected. 390 F.2d 285 (1968).

The case was considered by the district court upon stipulated facts. On October 30, 1970, the district court held for the taxpayers, including the bank and the beneficiaries of trusts and legacies under decedent's will. The court concluded that the decedent's interest in the trust "was absolutely certain to terminate upon her death, and one which she could not alienate by conveyance or devise."

The government appealed; the taxpayers cross-appealed the district court's striking of two affidavits proffered by the taxpayers. We reverse the judgment holding the decedent's interest to be non-taxable and we affirm that portion of the judgment striking the affidavits.

The taxpayers do not dispute the government's contentions (1) that a life estate is not includable in a decedent's gross estate but that an inheritable interest, that is, property which can be transmitted by the decedent at death, is subject to the estate tax; (2) that the character of decedent's interest in the property is a question of state law; and (3) that in this case the decedent's original one-third trust interest was a life estate not subject to tax. The dispute arises as to the taxability of the two-thirds interest which accrued to decedent upon the death of her two brothers without issue.

Henry Witbeck died on April 12, 1891. By his will dated February 21, 1890, he bequeathed his residuary estate to three trustees to hold, manage and control as in their judgment they deemed best for the use and benefit of his three grandchildren. Paragraph Nineteenth provided for the ultimate disposition of the trust estate as follows:

"I further provide and direct that in the case of the death of either of my said grandchildren Frank M. Witbeck, Gertrude H. Witbeck and Henry J. Witbeck leaving issue or descendants of issue them surviving and born in lawful wedlock, the one-third (⅓) share of all of my estate left for said last named three grandchildren, shall descend to such issue or descendants of issue of each child so deceased, such issue and descendants of issue to take Per Stripes and Not Per Capita and in case any one or more of said last named three grandchildren shall die without leaving any such issue or descendants of issue, then said one-third (⅓) share of my said residue estate shall go to the survivor or survivors of said last named three grandchildren. And I further provide and direct that in case of the death of all three of said last named grandchildren without either of them leaving such issue or descendants of issue them surviving, then all of said estate hereby provided for such last named three grandchildren shall descend to my son John H. Witbeck and his heirs at law."

One of the grandchildren named in the will, Henry J. Witbeck, died June 16,

1896, intestate, unmarried and without issue or descendants of issue. Another grandchild, Frank M. Witbeck, died July 5, 1909, intestate, unmarried and without issue or descendants of issue. However, Frank on September 12, 1894, had married Minnie, who divorced him on December 15, 1898.

The third grandchild, Gertrude H. Witbeck, died April 11, 1952, leaving no spouse but five children. The death of each grandchild named in the 1890 will of Henry Witbeck resulted in litigation.

Henry's estate had included real estate valued at $500,000 and personal property worth $240,000. When the first grandchild, Henry J., died in 1896, the trustees filed a bill in chancery in an Illinois court seeking a construction of Henry's will. They asked particularly what disposition should be made of the one-third share of real and personal property willed to Henry J. The chancellor held that the real estate should descend to the surviving grandchildren, Frank and Gertrude, in equal shares as tenants in common, in fee determinable upon the death of both tenants leaving no issue or descendants of issue, and that the personal estate should descend to them in equal shares absolutely.

On appeal, the Supreme Court of Illinois in Lombard v. Witbeck, 173 Ill. 396, 51 N.E. 61 (1898), ruled out the possibility that the interest involved was a fee simple interest. The court added that, whether it "would be a fee determinable or a mere life estate, is not, in the view we take of the case, important." 173 Ill. at 407, 51 N.E. at 65. The supreme court affirmed the lower court as to the personalty, but as to the realty held that it should remain subject to the control of the trustees, with eventual disposition to await the death of the remaining grandchildren either with or without issue surviving.[1] The effect of the decision was that the two surviving grandchildren could not take their

brother's one-third share of the trust realty in fee simple free of the trust at his death as they had contended. The supreme court indicated that its diverse treatment of realty and personalty was based on the fact that, while Paragraph Twentieth of the Henry Witbeck will authorized the trustees to invade the corpus of the personal estate as "they may deem best" for the benefit of the three grandchildren, "in no case shall any part of the real estate left by me for their use and benefit, or the proceeds thereof if sold, be advanced or conveyed to said grandchildren or any of them during their lifetime."

After Frank M. Witbeck, the second grandchild, died in 1909, his former wife, Minnie C. Aloe, filed a bill in chancery in an Illinois court for assignment of dower in the undivided one-half (Frank's one-third interest plus his one-half of the one-third interest of his brother, Henry J.) of the base or determinable fee of which she claimed Frank had been seized during coverture under the will of Henry Witbeck. The lower court dismissed the bill for want of equity.

The Illinois Supreme Court reversed the lower court in Aloe v. Lowe, 278 Ill. 233, 115 N.E. 862 (1917). The court first construed its earlier opinion in Lombard v. Witbeck and concluded:

"From the language of the opinion in that case and the authorities referred to we think it is clear that this court agreed with the holding of the lower court that the language of the nineteenth clause created a base or determinable fee in Frank M. Witbeck and Gertrude H. [Witbeck] Grice in the equitable share of the estate which would have gone to the issue of Henry J. had he died leaving issue." 278 Ill. at 237–238, 115 N.E. at 864.

The supreme court, alluding to "some confusion" between base or determinable fees as distinguished from life estates, concluded the only difference was that

---

[1]. The supreme court said, however, that "ordinarily the language used in this will would lead to the conclusion that the surviving brother and sister took an estate in fee determinable upon both dying, leaving no issue or descendants of issue." 173 Ill. at 408, 51 N.E. at 66.

"in case of a fee determinable the owner can convey or devise his interest, and if the event does not happen which will cut down his fee simple to a base or determinable fee, such devise or conveyance will be good and effectual to transfer title to the property so held." 278 Ill. at 238–239, 115 N.E. at 864.

The supreme court then interpreted the 1890 Witbeck will as follows:

"Each one of said grandchildren takes a life estate in one-third of the residue, and if any of them die leaving issue such one-third goes to them; if one of them dies without leaving issue or descendants of issue, such one-third share goes to the two survivors; and if one of the other two dies without issue, such share so inherited by him goes to the other survivor. *In case the third grandchild dies leaving issue, such issue will take one-third of the residuary estate under the first part of the nineteenth clause as a remainder in fee, and they would take the other two-thirds by descent, unless their parent had in the meantime devised or conveyed such one-third.*" 278 Ill. at 240–241, 115 N.E. at 865.

The emphasized portion of the court's interpretation is exactly what occurred in the present case upon decedent's death in 1952: Decedent's issue took one-third of the trust as a remainder in fee following their mother's life estate. They took two-thirds of the trust by descent, whereupon the base or determinable fee in that two-thirds became a fee simple interest.

The Illinois Supreme Court in Aloe v. Lowe then proceeded to hold that the one-sixth interest which Frank took upon the death of his brother, Henry J., was a base or determinable fee in real estate. The interest, which "is an estate of inheritance and descends to the heirs-at-law of the owner thereof," was one in which Frank's former wife, Minnie, was entitled to dower.

On remand to the lower Illinois court, an answer to the bill was filed, denying that Frank's interest was a determinable fee and setting up in defense a copy of the decree entered by the lower state court in 1898 on remand of Lombard v. Witbeck. The trial court set aside the jury verdict for Minnie and dismissed the bill for want of equity, on the ground that the 1898 decree had interpreted the will to make Frank's interest a life estate in which Minnie would not be entitled to dower.

The Illinois Supreme Court heard Minnie's second appeal in Aloe v. Lowe, 298 Ill. 404, 131 N.E. 612 (1921). The court began its opinion with a clear and unambiguous statement of the holdings in both *Lombard* and *Aloe I:*

" . . . [Frank's one-sixth interest from Henry J.] was held to be a determinable fee in Lombard v. Witbeck, 173 Ill. 396, 51 N.E. 61, and on a former appeal in this cause. (Aloe v. Lowe, 278 Ill. 233, 115 N.E. 862.) . . . In both these cases it was held that Frank M. Witbeck took an equitable, determinable fee in the portion of his [grand]father's estate in controversy here." 298 Ill. at 405–406, 131 N.E. at 613.

The supreme court then considered the basis upon which the lower court had set aside the jury verdict, which is the same argument which taxpayers make in the present case:

"The appellees' contention is that the circuit court, upon remandment, decreed that Frank M. Witbeck had only a life estate and not a determinable fee, and that this decree, however erroneous, is binding on the complainant since no attempt was ever made to correct it. . . .

"It must be presumed, however, that it was the intention of the circuit court, as it was its duty, to observe the mandate of this court and enter a decree in accordance with it and not a different decree. . . .

"These provisions of the decree do not purport to define the character of the estate. . . . The directions

to the trustees were in conformity with the opinion on the appeal without reference to the character of the estate, and the general statement that the estate is held upon the same trusts and with the same powers and duties as the original shares is qualified and limited by the specification of the particular powers and duties, which are in conformity with the opinion upon the appeal and the mandate." 298 Ill. at 407, 408, 411, 412, 131 N.E. at 615.

The supreme court then reversed the lower court and remanded the cause with directions to enter a decree for the appellant for her dower and damages.

In summary, the Illinois Supreme Court has on three separate occasions declared that the same will involved in the present case is to be interpreted to result in two-thirds of decedent's trust estate being a base or determinable fee, an estate of inheritance, subject to conveyance or devise or descent, and subject to dower. The only conceivable argument contrary to this interpretation was fully presented to and considered by the Illinois Supreme Court in its last opinion on the subject. It was clearly erroneous for the district court to conclude otherwise, in disregard of the Illinois opinions.

■■■ Since we conclude that as a matter of law[2] the two-thirds interest in the Witbeck trust which decedent took upon the death of her two brothers is includable in her gross estate for estate tax purposes, the interpretation a title company or a practicing attorney would give to the wills in affidavits is immaterial. We therefore affirm only the striking of the affidavits. The balance of the judgment of October 30, 1970, is reversed and remanded with directions to enter judgment for the government. We have considered the other points raised by the taxpayers, including the

contention that the government failed to comply with procedural requirements, and find them to be without merit.

Affirmed in part; Reversed in part; Remanded with directions.

---

2. The law of the case has been established by the Illinois Supreme Court. See Barrett v. Baylor, 457 F.2d 119, 123–124 (7th Cir., 1972). The individual defendants in this case or their predecessors in interest were also parties in the three Illinois cases.