Breest v. Brodeur, Comm'r          CV-95-100-SD  05/25/95
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Robert Breest


     v.                                          Civil No. 95-100-SD


Paul Brodeur, Commissioner,
 New Hampshire Department of
 Corrections



                              O R D E R


     Robert Breest, a state prisoner, has filed a petition for

federal habeas corpus relief.  28 U.S.C. §§ 2241-2254.  In

addition, he has filed a number of other pleadings.  This order

addresses certain of the issues raised by all such pleadings.


1.  Petition for Habeas Corpus, document 3[1]

     As permitted by habeas corpus Rules 4 and 10, and as

mandated by 28 U.S.C. § 1915(d), the petition was initially

referred to the magistrate judge.  His order suggested that the

_____

     [1]Ancillary to the petition for habeas corpus, petitioner has
filed an application to refer the matter to a district judge
(document 11), together with a motion to supplement his legal
memoranda (document 12).  Treated as an objection to the order of
the magistrate judge, the application for referral to a district
judge is herewith granted.  The court also grants the motion to
supplement the legal memoranda.

petition should be denied as an abuse of the writ, but afforded the petitioner an opportunity to amend.  Document 5.  Petitioner has filed such amendment.  Document 6.

The dual claims petitioner now seeks to advance concern (1) the claim that the jury charge on reasonable doubt was unconstitutional, warranting a new trial within the ruling of Sullivan v. Louisiana, ___ U.S. ___, 113 S. Ct. 2078 (1993), and (2) a denial of right of confrontation because of the withholding by the prosecution of the identity of a witness.

Without at this stage attempting to pass on the merits of the petition, the court notes that Sullivan v. Louisiana, supra, held that a constitutionally deficient reasonable doubt instruction is a "structural error", which is not subject to harmless- error analysis.  And, contrary to the ruling in the state courts,[2] there is respectable authority that Sullivan is to be applied retroactively.  Adams v. Aiken, 41 F.3d 175, 178-79 (4th Cir. 1994); Nutter v. White, 39 F.3d 1154, 1157-58 (11th Cir. 1994).

Petitioner's second claim is that he was denied his right of confrontation, Davis v. Alaska, 415 U.S. 308 (1974); United

---

[2]Petitioner has exhausted his remedies in state court, having presented the claims here made before the superior court (Conboy, J.), whose denial of relief was summarily affirmed by the New Hampshire Supreme Court.

2

States v. Ovalle-Marquez, 36 F.3d 212, 217 (1st Cir. 1994), because the proper identity of a witness, David Carita, was not made known to him until October 1993. Facially at least, this claim might be described as grounded on "newly discovered evidence."

From its review of the pleadings to this point, the court is satisfied that the petition is not one which should be summarily dismissed under the doctrine of "abuse of the writ," and believes that the record should be more fully developed so that the merits might be properly considered. Accordingly, it is ordered that the petition be properly served upon the respondent, and the respondent file a response thereto.

## 2. Application for Bail Pending Appeal, document 4

To document entitlement to bail when a habeas corpus proceeding is pending, the petitioner must make an "extraordinary showing;" that is, a likelihood of success on the merits of his application. Layne v. Gunter, 559 F.2d 850, 851 & n.1 (1st Cir. 1977), cert. denied, 434 U.S. 1038 (1978); Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972). Although, as previously indicated, the court has not attempted to prejudge the merits of this case, it is satisfied at this stage of the proceedings that such "extraordinary showing" has not been made. The motion for

3

bail is denied.

## 3. Motion to Declare Local Rule 5(b) Unconstitutional, document 8

Petitioner seeks to have Kristjan Asgeirsson, a member of the bar of Massachusetts, not admitted in this court, to appear in his behalf. However, Local Rule 5(b) does not permit such appearance unless the nonadmitted attorney has associated with him a member of the bar of this court.

Relying on <u>Supreme Court of New Hampshire v. Piper</u>, 470 U.S. 274 (1965), petitioner challenges the constitutionality of Local Rule 5(b). However, the issue he raises is not governed by the decision in <u>Piper</u>, but rather by the decision in <u>Leis v. Flynt</u>, 439 U.S. 438 (1979), which holds there is no constitutional right to such an admission. The <u>Piper</u> court, 470 U.S. at 283 & n.16, specifically affirmed the continued vitality of <u>Leis v. Flynt</u>. <u>See also</u> <u>Panzardi-Alvarez v. United States</u>, 879 F.2d 975 (1st Cir. 1989), <u>cert. denied</u>, 493 U.S. 1082 (1990). The motion is denied.

## 4. Motion to Permit Attorney Asgeirsson to File his Appearance Pursuant to Local Rule 4(c), document 13

Local Rule 4(c) is designed for and is utilized only in "special circumstances" (such as military service), whereby the

4

court may admit a person to the bar of this court.  It has no application to the pending proceedings, and the motion is denied.[3]

5.  Conclusion

Upon initial review of the petition for habeas corpus and other pleadings here filed, the court has ruled that the instant petition does not constitute abuse of the writ and that service thereon should be had and response thereto shall be filed by the respondent.  With the exception of the ancillary motions (documents 11 and 12), see supra note 1, all other motions have been denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 25, 1995
cc:  Robert Breest, pro se

---

[3]Attorney Asgeirsson is, of course, free to associate himself with a member of the bar of this court and to move for admission in these proceedings pro hac vice.

5