Ralph R. BENSON, Petitioner-Appellant,

v.

STATE OF CALIFORNIA, Peter Pitchess, Sheriff of Los Angeles County, and Leland Carter, Probation Officer of Los Angeles County, Respondents-Appellees.

No. 19069.

United States Court of Appeals Ninth Circuit.

Feb. 14, 1964.

**160**

George W. Kell, Monterey Park, Cal., for appellant.

Stanley Mosk, Atty. Gen., for State of California, William E. James, Asst. Atty. Gen., William B. McKesson, Dist. Atty., Los Angeles County, and Harry Wood, Deputy Dist. Atty., and Harry B. Sondheim, Deputy Dist. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, POPE and JERTBERG, Circuit Judges.

POPE, Circuit Judge.

The petitioner above named filed a petition for the writ of habeas corpus in the district court. He also asked for release on bail. His petition was heard by the district judge who examined the entire record of petitioner's case in the state courts of California where he was convicted of a felony, sentenced to a prison term of five years, his sentence was suspended and the petitioner placed on probation for said period of five years on condition that he first serve 180 days in the Los Angeles County jail and pay a fine of $5000. He began service of his 180 day term on October 15, 1963, and after calculation of such good time allowance as he may have, he is due to be released from jail on or about the 29th day of February, 1964.

His conviction and sentence in the state court was affirmed. See People v. Benson, 206 Cal.App.2d 519, 23 Cal.Rptr. 908 (August 24, 1962). Hearing was denied by the Supreme Court of California, and his petition for certiorari was denied in the United States Supreme Court, 374 U.S. 806, 83 S.Ct. 1691, 10 L.Ed.2d 1030. After having thus exhausted his remedies in the state courts, he filed a petition for a writ of habeas corpus mentioned above. His petition was denied as well as his application for release on bail; a certificate of probable cause was issued by the district judge and he has appealed to this court from the denial of his petition for the writ of habeas corpus. He has now, in connection with that appeal, filed with us a petition for enlargement on bail pending appeal here.

The petition for habeas corpus, although filling 79 pages in the transcript of the record, presents no extraordinary statement or claims of fact outside of the ordinary run of such petitions commonly filed in the federal court by state prisoners seeking release on habeas corpus. Some of the five points sought to be made by petitioner in support of his petition for habeas corpus appear to be no more than attempts to procure a review in the federal courts of rulings on questions of California law. Thus he asserts

that the state courts erroneously misapplied the California law relating to the definitions of entrapment; that the court had erroneously admitted hearsay evidence, and that it misinterpreted the California Insurance Code. There is a claim that there was an erroneous admission of illegally obtained evidence, but a similar claim was rejected by the California courts, and it may well be that as a matter of law no showing of illegally obtained evidence is presented by the petition or by petitioner's statement of facts in the case. At any rate in due course petitioner's appeal will come on for hearing in this court and the same will be heard upon the merits.

This brings us to the question of whether the appellant is entitled to be enlarged on bail. The applicable Rule is Rule 49 of the Supreme Court Rules which provides as follows:

"Rule 49. Custody of prisoners

"1. Pending review of a decision refusing a writ of habeas corpus, or refusing a rule to show cause why the writ should not be granted, the custody of the prisoner shall not be disturbed, except by order of the court wherein the case is then pending, or of a judge or justice thereof, upon a showing that custodial considerations require his removal. In such cases, the order of the court or judge or justice will make appropriate provision for substitution so that the case will not become moot.

"2. Pending review of a decision discharging a writ of habeas corpus after it has been issued, or discharging a rule to show cause why such a writ should not be granted, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with surety, as to the court in which the case is pending, or to a judge or justice thereof, may appear fitting in the circumstances of the particular case.

"3. Pending review of a decision discharging a prisoner on habeas corpus, he shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment in the appellate proceedings; and if in the opinion of the court in which the case is pending, or of a judge or justice thereof, surety ought not to be required the personal recognizance of the prisoner shall suffice.

"4. Except as elsewhere provided in this rule, the initial order respecting the custody or enlargement of the prisoner pending review, as also any recognizance taken, shall be deemed to cover not only the review in the court of appeals but also the further possible review in this court; and only where special reasons therefor are shown to the court of appeals or to this court or to a judge or justice of either court will that order be disturbed, or any independent order made in that regard.

"5. This rule applies only to cases arising or pending in courts of the United States. For the purpose of this rule, a case is pending in the court possessed of the record until a notice of appeal or a petition for writ of certiorari has been filed, or until the time for such filing has expired, whichever is earlier; and is pending on review in the appellate court after the notice of appeal or the petition for writ of certiorari has been filed." [1]

The court below first issued an order to show cause and then discharged it when

---

1. While this court has a Rule 27 relating to the custody of persons on habeas corpus, it also has a Rule 8 which provides that the practice in this court "shall be the same as in the Supreme Court of the United States, as far as the same shall be applicable." In view of this provision and in view of the Supreme Court's Rule 49, it is apparent that the adoption of the Supreme Court Rule 49 has superseded our Rule 27.

the petition was denied. As will be noted by subdivision 5 of Rule 49, supra, the appellant's case must be deemed pending in this court as notice of appeal has been filed; and, as shown by subdivision 2 of that Rule, whether appellant should be enlarged on bail is for this court to decide upon this application as we are directed to take such action as "may appear fitting in the circumstances of the particular case."

■■ We are unable to find any circumstances or special reasons why this application should be granted. It is urged upon us that we ought to grant the prisoner's application for bail because he will be released from jail within a few days. Apparently the suggestion is that after his release the case might become moot and he would lose his opportunity to set aside or annul his state court conviction regardless of whether he has good grounds therefor or not. It was suggested at the oral argument on this motion that if appellant were serving a long term, say a term of four years, his situation might be different. The answer to this contention is that appellant's case would not become moot after his release from jail. The reasons for this are disclosed in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. That was the case of a prisoner who had been released from penitentiary on parole. The court noted all of the limitations which would continue to apply to the petitioner even after he was released from confinement. The same situation exists here.

Under California Penal Code § 1203.2, a prisoner released on probation may at any time be rearrested without warrant, brought before the court, and have his probation revoked and terminated upon the mere report of the probation officer. Although the conditions of probation in this particular case are not a part of the record here, the statute referred to provides for such rearresting if the prisoner is "engaging in criminal practices, or has become abandoned to improper associates or a vicious life."

Under the decision of Jones v. Cunningham, supra, this represents enough control over the probationer so that his case does not become moot during the period of probation. There the court said: "Petitioner must not only faithfully obey these restrictions and conditions but he must live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison to serve out the very sentence he claims was imposed upon him in violation of the United States Constitution. He * * * might be thrown back in jail to finish serving the allegedly invalid sentence with few, if any, of the procedural safeguards that normally must be and are provided to those charged with crime." (371 U.S. at 242, 83 S.Ct. at 376–377, 9 L.Ed.2d 285) And in a footnote at that point it is noted that the requirement that a person on parole is not to violate any penal laws or ordinances, is a significant restraint because officers, other than judicial officers, will determine whether such violation has occurred. Section 1203.1 of the Penal Code also provides for modification of the probation terms as originally granted.

■ We hold therefore that there is no danger of appellant's case becoming moot through his release. It may be that after his release from jail he will want to amend the proceedings to name a new appellee or respondent. As this is a civil proceeding he may do that at any time on appeal. See Rule 21 of the Rules of Civil Procedure and Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458.

It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail.[2]

2. There are thousands of prisoners confined in state prisons, any of whom, with a little assistance from their cell mates, would have no difficulty in drafting a peti-

Submitted with this application is an appeal from a district court order denying bail pending his appeal from the denial of habeas corpus. For the reasons we have stated such bail was properly denied.

The application for enlargement on bail is denied and the appeal is dismissed.

tion for writ of habeas corpus which would allege substantial violations of constitutional rights. We do not propose, by ruling in this case, to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions.