Nancy Lee **RICHARDS**, Petitioner,

v.

**Jackie TOWNSEND** et al., Respondents.

No. 50260.

United States District Court
N. D. California.

June 12, 1969.

John D. Nunes, Public Defender, County of Alameda, Andre T. LaBorde, Asst. Public Defender, Oakland, Cal., for petitioner.

J. F. Coakley, Dist. Atty., Oakland, Cal., and Peter M. Turner, Deputy Dist. Atty., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND

WOLLENBERG, District Judge.

Petitioner was convicted and placed on probation pursuant to a judgment of the Municipal Court for the Oakland-Piedmont Judicial District dated October 30, 1967, for violation of Cal.Penal Code, § 148 (resisting an officer) and Cal. Penal Code, § 272 (contributing to the delinquency of a minor).

Apparently official court reporters are not customarily present at criminal proceedings in Alameda County municipal courts. Petitioner hired a private reporter to transcribe the proceedings, but she later became indigent and so was unable to pay for the cost of a transcript. She also discontinued the services of her retained trial counsel. Petitioner alleges that her appointed counsel for appeal attempted to settle the trial record with the trial judge pursuant to California Rules of Court, Rule 184, but without success. Petitioner then moved that the county of Alameda pay the costs for a transcript of the trial, but this effort was rebuffed by the trial court and eventually by all state appellate courts on up to the California Supreme Court. She now seeks such relief in this court in a habeas corpus action, pursuant to 28 U.S.C. § 2241.

■ This Court finds, preliminarily, that petitioner's probationary sentence constitutes a sufficient form of "custody" to invoke 28 U.S.C. § 2241. See Benson v. California, 328 F.2d 159 (1964).

Petitioner contends principally that her right to the furnishing of a transcript at the cost of Alameda County has been established by Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. In that case the Supreme Court held that an indigent defendant had a right to a free transcript for use on an appeal which the state granted to every convicted defendant, when the state had conceded that it was sometimes impossible for an indigent defendant to obtain an adequate review of his trial without the aid of a transcript.

■ Griffin involved an appeal from a felony conviction, while petitioner wishes to appeal a misdemeanor conviction. A distinction between indigent defendants upon this basis has met with criticism because the distinctions are often insubstantial. See 17 Hastings L.J. 113, 114, and Preston v. Municipal Court, 188 Cal.App.2d 76, 10 Cal.Rptr. 301, 305. And cf. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. In Duncan the Supreme Court implied that a dividing line should be drawn at the point of misdemeanors which can result in relatively severe penalties, as, for example, any misdemeanor which carries a penalty of more than six months imprisonment. And lower federal courts have been following such a trend in granting to indigent misdemeanants the right to counsel. See Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965) (liquor offense; maximum of 90 days and $500); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965) (two liquor offenses; maximum of six months and $250 per count); Arbo v. Hegstrom, 261 F.Supp. 397 (D.C.Conn.1966) (child support; maximum of one year). Both of the California Penal Code provisions which petitioner was charged with violating carry maximum penalties of one year imprisonment and a $1,000 fine. And the fact that petitioner is seeking a transcript of a trial at which she received only a probationary sentence need not be viewed as minimizing the seriousness of the potential penalties. See Preston v. Municipal Court, 188 Cal.App.2d 76, 10 Cal.Rptr. 301 (1961). Accordingly, this Court finds that this case should not be distinguished from Griffin on the basis of the nature of the charges in the two cases.

But the Supreme Court in Griffin was careful to allow for the possibility of alternative means by which the state

could afford due process to the indigent appellant:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. [Illinois] may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases." 351 U.S. at 20, 76 S.Ct. at 591.

California Rule of Court 184 appears to furnish such a means. See Preston v. Municipal Court, 188 Cal.App.2d 76, 10 Cal.Rptr. 301 (1961). The California District Court of Appeals in *Preston* recognized that there will be situations in which a settled statement pursuant to Rule 184 is not a satisfactory substitute for a transcript of the trial proceedings, but petitioner has failed to show that an attempt to create a settled statement in cooperation with the trial judge and prosecuting attorney would have been futile, or that such a statement, once obtained, would have been inadequate.

It must be noted also that apparently it is the policy of California appellate courts not to accept the transcript of unofficial reporters, regardless of who pays for it. In Kessler v. Young, 86 Cal.App. 657, 260 P. 1106 (1927), the defendant in a civil suit unsuccessfully appealed the judgment, and was thereafter taxed with plaintiff's costs on appeal, including the cost of a reporter's transcript. Defendant thereupon attempted to strike the official reporter's transcript fee from the costs, on the ground that defendant had used a private stenographer to take notes of the evidence and had based his motion for new trial and proposed bill of exceptions thereon. The District Court of Appeal refused to grant this offset, on the grounds that there is no provision in California law for a municipal court to authorize employment of any reporter other than an official reporter. And it should be noted that California Rule of Court 184(a), in providing that an appellant may file a transcript of the trial proceedings, refers only to the transcript of an *official* reporter.

The requirements for an official reporter in California are considerable, and they indicate a strong concern on the part of the state that there be adequate safeguards for the accurate recording of court proceedings. The prospective candidate must first pass rigorous requirements in order to merely become certified as a general shorthand reporter. See California Business and Professions Code, §§ 8000–8020. To become an official court reporter, a candidate must additionally satisfy the requirement of Cal.Govt.Code, § 69942 as to good moral character, and Cal.Govt.Code, § 69946 requires that an official reporter take the oath of office prescribed in the California Constitution, Art. 20, sec. 3, which includes the promise to " * * * well and faithfully discharge the duties upon which I am about to enter."

■ Petitioner has failed to indicate whether the reporter she hired was either an official reporter or even a certified reporter. *Griffin* does not require that the state or its subdivisions furnish petitioner with the means to acquire a transcript which would not be accepted even if paid for by an affluent appellant.

■ Finally, petitioner has not indicated whether or not she even requested an official reporter at the beginning of her trial, or whether an official reporter would have been furnished to an affluent misdemeanor defendant in Alameda County willing to pay for it. A commentator in 17 Hastings L.J. 113, at 117 n. 33, observes that most of the larger California counties "routinely provide reporters for a municipal court under statutory requirements. The reporting is done at county expense, and the defendant pays only for what he requests transcribed". See, e. g., Cal.Govt. Code, §§ 74511, 74514 (San Francisco County). Apparently such is not the case in Alameda County. See Govt.Code, § 73096. *Griffin* would only require Alameda County to subsidize petitioner's expenses for an official reporter if petitioner had requested such support, and

if an affluent defendant could have obtained such a reporter.

With the present information before this Court, as found in the papers of the parties, the petition must be denied. It is denied without prejudice, however, and leave is granted to petitioner to file an amended petition within 20 days answering the questions posed herein.