**Gerald A. MARQUARDT, Petitioner,**

**v.**

**John R. GAGNON, Respondent.**

**No. 70–C–67.**

United States District Court,
E. D. Wisconsin.

July 10, 1970.

Gerald A. Marquardt, pro se.

Robert W. Warren, Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

Petitioner, Gerald A. Marquardt, an inmate of a state prison, seeks a writ of habeas corpus on the grounds that his probation was revoked without a hearing. He has also moved for the appointment of counsel.

On January 20, 1969, Mr. Marquardt, represented by counsel, entered a plea of guilty in a state court, was convicted, and was sentenced to a total of not more than eight years on two counts of burglary. His sentence was stayed, and he was placed on probation, with conditions, for two years. When he failed to comply with the terms of his probation, it was revoked by the Wisconsin department of health and social services. He is currently serving the original sentence.

Wisconsin law provides that probation may be revoked at any time without a hearing if a sentence was imposed prior to the granting of probation. Section 57.03(1) of the Wisconsin statutes states that

> "If a probationer * * * violates the conditions of his probation, the department [of health and social services] * * * if [he is] already sentenced may order him to prison."

The United States Supreme Court has held that there is no constitutional right to a hearing when probation is revoked. In Escoe v. Zerbst, 295 U.S. 490, 55 S. Ct. 818, 79 L.Ed. 1566, (1935), the court said that under statute the petitioner was entitled to a hearing before his probation was revoked. However, at page 492, 55 S.Ct. at page 819, the court cautioned that

> "In thus holding, we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as

Congress may impose. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266."

The *Escoe* case has been interpreted to mean that the right to such a hearing rests solely upon statutory grant and not upon a right guaranteed by the Constitution. In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court distinguished the case of a prisoner who had been sentenced before probation from one who had not; only in the latter case is a hearing deemed to be a right under due process.

The Wisconsin statutes also distinguish sentenced probationers from those who have not been sentenced; they do not grant the right of a previously sentenced prisoner to a hearing when his probation is revoked. I conclude that the petitioner's rights under the sixth and fourteenth amendments have not been violated.

He has further based his claims for relief upon Rule 32(f), Federal Rules of Criminal Procedure. This rule provides for a hearing before probation can be revoked, but Rule 1, Federal Rules of Criminal Procedure, notes that such rules are established for the courts of the United States; thus, the rules are applied to procedure in the federal courts. Absent a breach of due process, states may provide their own rules of procedure; Wisconsin has done so in this matter with § 57.03, Wis. Stats.

A man released on probation is deemed to be in custody. Benson v. California, 328 F.2d 159 (9th Cir. 1964). The supreme court of Wisconsin has recognized that both parole and probation are matters of privilege rather than of right. Tyler v. State Department of Public Welfare, 19 Wis.2d 166, 119 N. W.2d 460 (1963).

For these reasons, I find that the prisoner's petition is without merit. As the petition for habeas corpus must be dismissed, counsel need not be appointed.

Now, therefore, it is ordered that the petitioner's motion for the appointment of counsel be and hereby is denied.

It is further ordered that this petition for writ of habeas corpus be and hereby is denied.