George B. LE FEBRE, Petitioner,

v.

Elmer O. CADY, Warden, Respondent.

No. 70-C-635.

United States District Court,
E. D. Wisconsin.

Nov. 13, 1970.

George B. Le Febre, pro se.

William Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## ORDER

MYRON L. GORDON, District Judge.

This is a petition for a writ of habeas corpus filed by an inmate of the Wisconsin state prison. Leave is hereby granted to proceed in forma pauperis.

In 1967, petitioner was sentenced to a term of imprisonment for burglary and subsequently was paroled. His parole allegedly was revoked without a hearing in March, 1970 after he was charged with armed robbery; it appears that in April, 1970, the petitioner was convicted of the armed robbery charge. The petition states that the sentence for the armed robbery conviction was to run consecutively to that for the burglary conviction, but it does not state which sentence the petitioner currently is serving.

In his petition, Mr. Le Febre attacks the legality of the revocation of his parole because it was held without a hearing. Aside from stating that because of the manner of the revocation the state court was without judisdiction to pass sentence on the armed robbery conviction, the petitioner does not allege any defect in the proceedings leading to his incarceration for either burglary or armed robbery.

In Hahn v. Burke, 430 F.2d 100, 103 (7th Cir. 1970), the court of appeals held that the revocation of *probation* without a hearing was "violative of the basic requirements of due process." In a decision and order dated August 31, 1970, this court, in Marquardt v. Gagnon, D.C., 314 F.Supp. 709, applied *Hahn* and granted a writ of habeas corpus to a petitioner whose probation had been revoked without a hearing; the grant of the writ, however, was stayed to enable the state to hold a probation revocation hearing. See also Scarpelli v. Gagnon, D.C., 317 F.Supp. 72, decided September 21, 1970.

The present petition raises the issue of the constitutional propriety of the revocation of parole without a hearing—an issue specifically left undecided by the court in *Hahn*, 430 F.2d at 105 n. 5. This fact completely distinguishes the *Hahn, Marquardt,* and *Scarpelli* cases and does not warrant the ordering of a return from the respondent. See Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968). There is no authority in this judicial circuit to support Mr. Le Febre's belief that a Wisconsin parolee is entitled to a hearing at the time of revocation of his parole.

Therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is denied.