James A. RICHARDSON, Petitioner,

v.

Gene WILHELM, Sheriff of the County of Lyon, State of Nevada and Brian McKay, Attorney General of the State of Nevada, Respondents.

No. CV–R–83–403–ECR.

United States District Court,
D. Nevada.

June 7, 1984.

Paul J. Malikowski, Carson City, Nev., for petitioner.

D. Brian McKay, Atty. Gen. of Nevada, Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., District Judge.

### Background

Petitioner was convicted in a Nevada justice court of driving while intoxicated. The maximum penalty that could have been imposed for this offense was six months imprisonment, a $1,000 fine, attendance at approved course on alcohol abuse, and a driver's license suspension. NRS 484.-3792(3). By contrast, one who has previously been convicted of drunk driving is subject to an enhanced penalty, including mandatory jail time, under NRS 484.-3792(4).

During the sentencing proceedings, the prosecution introduced evidence that petitioner had been convicted of driving while intoxicated in 1978. The evidence appears to have been offered for purposes of enhancing the sentence to be imposed on the petitioner. See Appendix to Points and Authorities (Document #3) at 3. The sentencing judge stated that the fact that petitioner may not have been aware of the enhancement penalties under Nevada law "doesn't mean that the Court cannot take

into consideration any prior convictions for driving under the influence." *Id.* at 5.

Petitioner was sentenced to pay a $750 fine, to serve 10 days in jail, to complete a "DUI workshop," and to undergo a six month driver's license suspension. The sentencing judge did not explicitly state that petitioner's sentence was being enhanced as a result of the introduction of the evidence of the prior convictions, and the sentence imposed was well within the range of punishment that petitioner could have received as a first offender. In fact, had petitioner been considered a repeat offender, he would not have been eligible to attend a "DUI workshop" as part of his sentence. *See* NRS 484.3792(4).

On appeal of the sentence, the reviewing court found that the record did not affirmatively show that the conviction was constitutionally valid, and ruled that it therefore could not be used to enhance punishment in any criminal proceedings.[1] See Appendix at 38. The reviewing court did not specifically find that petitioner's sentence had been enhanced as a result of the introduction of the evidence of the prior conviction, but apparently felt that if there was a possibility that the prior conviction had been considered, the case should be remanded for resentencing without consideration of those convictions.

At petitioner's resentencing, the prosecution "argue[d] the previous DUI [conviction] in terms of aggravation only and not in terms of the statutory enhancement." *Id.* at 43. However, there is nothing in the record to indicate that the sentencing judge considered the previous conviction even for the limited purpose suggested by the prosecution. Instead, he stated that he would "go along with any opinion that comes from the [reviewing] Court and the sentencing will be consistent with that opinion ...." He also indicated that at the original sentencing petitioner had been sentenced as a "first offense DUI." *Id.* at 44. Petitioner received essentially the same sentence that had previously been imposed.[2] After the Nevada Supreme Court dismissed an appeal from the denial of a state habeas corpus petition, a federal habeas petition was filed. This matter is now before the court on petitioner's "Application for Stay of Proceedings and Admission to Bail Pending Disposition of Petition" (Document # 4). The Magistrate has recommended that the Application be granted.

## Analysis

### Standard for Granting Relief

That the allegations of a habeas petition make out a "clear case" on the merits is a threshold requirement for a stay or for admission to bail pending the disposition of the petition. *See Benson v. State of California,* 328 F.2d 159, 162 (9th Cir.1964);[3] *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974); *Monroe v. State Court of Fulton County,* 560 F.Supp. 542 (N.D.Ga. 1983). *Cf. Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 753 (9th Cir.1982) (Preliminary injunction cannot be granted if there is "[n]o chance of success [on the merits] at all ....").[4]

---

1. Respondent does not, in the context of this motion, dispute the proposition that the convictions were presumptively invalid. We note, however, that in *Farrow v. United States,* 580 F.2d 1339 (9th Cir.1978), the court indicated that in determining whether or not a prior conviction was valid, the petitioner's indigency at the time of the challenged prosecution is a threshold issue on which petitioner would have the burden of proof. *Id.* at 1354–55.

2. The sentencing judge indicated that the suspension of petitioner's driver's license imposed in the first sentence would be unfair in view of the fact that petitioner was facing a one year administrative suspension of his license. Appendix at 45.

3. The petitioner in *Benson* sought admission to bail, while petitioner in this case seeks both admission to bail and a stay. However, we perceive no meaningful distinction between the two remedies, since either would have the effect of preventing, at least temporarily, the execution of the sentence that has been imposed in the state court proceedings.

4. On February 13, 1984, we ordered briefing on this issue, citing *Pfaff v. Wells,* 648 F.2d 689 (10th Cir.1981); *Robinson v. Wade,* 686 F.2d 298 (5th Cir.1982); and *Lydon v. Justices of the Boston Municipal Court,* 698 F.2d 1 (1st Cir.1982), *reversed on other grounds,* — U.S. —, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), as possibly

*The Merits*

■ If there is a "reasonable probability" that a constitutionally defective prior conviction may have led the trial court to impose an enhanced prison sentence, habeas corpus relief may be justified. *Tucker v. United States,* 431 F.2d 1292, 1294 (9th Cir.1970), *affirmed* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). However, where the sentencing judge is aware of infirmities in a prior conviction, and nothing in the record shows that the prior conviction was used to enhance the sentence imposed, no *Tucker* error has occurred. *Owens v. Cardwell,* 628 F.2d 546 (9th Cir. 1980). The imposition of the same sentence after a reconsideration mandated by *Tucker* is not, in itself, a basis for challenging the new sentence. *See id.* at 547–48.

The fact that in the present case the prosecution argued the prior conviction in terms of aggravation, and that the evidence of the prior conviction was still presumably before the sentencing court, does not mean that the sentencing judge considered it in imposing the second sentence. "The very nature of the judicial function calls upon judges to rise above such impermissible influences." *United States v. Lee,* 648 F.2d 667, 669 (9th Cir.1981).[5]

*Conclusion*

■ The record in the present case demonstrates that the sentencing judge complied with the reviewing court's directive that petitioner's sentence not be enhanced as a result of the prior convictions. Accordingly, we conclude that petitioner has not met his burden of showing that there was a reasonable probability that the challenged sentence resulted from weight given to an improper factor. Because petition-

er has not made out a "clear case" for a stay or for admission to bail—or even shown that he has a chance of success on the merits of his petition—we do not consider any other requirements that petitioner would have to meet in order to be eligible for a stay or for bail.

IT IS, THEREFORE, HEREBY ORDERED that petitioner's Application for Stay of Proceedings and Admission to Bail (Document # 4) is denied.

IT IS FURTHER ORDERED that the petition herein is dismissed.

---

relevant cases. Petitioner suggests that the test set forth in *Pfaff* should be adopted, which would require "a showing of exceptional circumstances ... *or* a demonstration of a clear case on the merits of the habeas petition." 648 F.2d at 693 (emphasis added). However, our subsequent independent research convinces us that we should follow the stricter standard set forth in *Benson.*

**5.** We need not reach the issue of whether the prior conviction in this case was in fact an "impermissible influence." *Cf. United States v. Fleishman,* 684 F.2d 1329, 1346 (9th Cir.), *cert. denied* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982). (Although sentencing judge was aware that prior convictions for drug-related offenses may not have been constitutionally valid, he could consider the fact that defendants had been "involved in [such] offenses and had not learned from their experiences.").