Bader v. Warden                    CV-02-508-JD  01/23/03  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Seth Bader

    v.                                     Civil No. 02-508-JD
                                        Opinion No. 2003 DNH 015
Jane Coplan, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**

    The Petitioner, Seth Bader, is an inmate at the New Hampshire State Prison for Men ("NHSP"). He commenced this action by filing a petition for a federal writ of habeas corpus. See Document No. 1. Before the Court for consideration is the Petitioner's motion for a preliminary injunction seeking an order granting him release from prison during the pendency of this Court's habeas corpus proceedings. See Document No. 6. The Respondent, NHSP Warden Jane Coplan, filed an objection.

    The motion was referred to me for review and to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Document No. 8. On January 7, 2003, the Court held a hearing limited to counsel's arguments as to the availability of bail during the pendency of habeas corpus proceedings. At the conclusion of that hearing, the Court allowed the parties two additional weeks to submit supplemental memoranda of law.

After reviewing the parties' submissions, and the relevant authorities, I find that the Petitioner has not made the extraordinary showing required for this Court to grant bail during the pendency of post-conviction habeas corpus proceedings. Accordingly, I recommend that the motion be denied.

BACKGROUND

On May 8, 1998, the Petitioner was convicted in the Rockingham County Superior Court of first degree murder, and conspiracy to commit first degree murder. His convictions were affirmed by the New Hampshire Supreme Court on September 13, 2002. In this habeas proceeding, the Petitioner raises five grounds of constitutional error in the state court proceedings.[1]

The Petitioner contends in his motion for a preliminary injunction that his petition presents substantial questions of constitutional errors in the state courts because three of the rulings in the state courts were "diametrically opposed" to Supreme Court precedent. In this regard, he challenges the state court rulings with respect to the trial court justice's refusal to recuse himself, the trial court's admission of hearsay

_____

[1]He challenges his convictions based on the trial court justice's refusal to recuse himself, the prosecution's failure to disclose exculpatory evidence, the trial court's admission of hearsay evidence at trial, jury misconduct, and witness perjury.

2

evidence at trial, and the trial court's response to the jury misconduct issue.  See Mot. for Prel. Injunction at 4.

The Petitioner further contends that his evidence of actual innocence presents an exceptional circumstance justifying his release on bail during the pendency of this Court's habeas proceedings.  See Pet. Reply Mem. at 3.  The Petitioner seeks an evidentiary hearing with respect to his innocence claim.  By offer of proof, the Petitioner contends that he has credible evidence that Sandro Stuto, one of the State's witnesses, told "John Doe," an NHSP inmate, that the Petitioner was not involved in the murder.  The Petitioner contends that John Doe is willing to testify at an evidentiary hearing.  The Petitioner supposes that if confronted with this evidence, Stuto would admit that he perjured himself if granted immunity.  The Petitioner further supposes that an evidentiary hearing would show that another State's witness, Mary Jean Martin, instigated and organized the murder for which the Petitioner has been convicted.  He suggests that Martin should be granted immunity from further prosecution and ordered to testify.

In her objection, the Respondent characterizes the Petitioner's motion as a motion for release on bail.  See

3

Document No. 10.  The Respondent questions whether this Court has the authority to grant bail during the pendency of a habeas proceeding.  Notwithstanding her doubt regarding the Court's authority, the Respondent contends that under First Circuit law the Petitioner is not entitled to bail because he has not demonstrated that any extraordinary circumstances exist that warrant his release on bail.

STANDARD OF REVIEW

I.    Standard for Reviewing Motions for Preliminary Injunctions

"The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs."  CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995) (citing Chalk v. U.S. Dist. Ct. Cent. Dist. of Cal., 840 F.2d 701, 704 (9th Cir. 1988); Am. Hosp. Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980)).  Thus, if the court ultimately finds for the movant, a preliminary injunction provides the court with a method for preventing or minimizing any current or future wrongs caused by the defendant.  CMM Cable Rep., 48 F.3d at 620.

4

The courts typically employ a four-part test in determining whether a plaintiff has made a sufficient demonstration that interim injunctive relief is warranted.[2]  The Respondent contends that the Petitioner's motion is in fact a motion for release on bail, not a motion for a for a preliminary injunction.  I agree.

"It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484 (1973).  Habeas corpus proceedings are characterized as civil in nature.  <u>Fisher v. Baker</u>, 203 U.S. 174, 181 (1906).  But that characterization is inexact because habeas corpus proceedings are essentially unique.  <u>Harris v. Nelson</u>, 394 U.S.

---

[2]A district court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm which granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction.  <u>See</u> <u>Langlois v. Abington Hous. Auth.</u>, 207 F.3d 43, 47 (1st Cir. 2000); <u>Public Serv. Co. of N.H. v. Patch</u>, 167 F.3d 15, 25 (1st Cir. 1998).  In the First Circuit, the key issue in determining whether injunctive relief should be granted is whether the plaintiff can demonstrate a likelihood of success on the merits.  <u>See</u> <u>Philip Morris, Inc. v. Harshbarger</u>, 159 F.3d 670, 674 (1st Cir. 1998); <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993).

286, 293-294 (1969). Federal habeas corpus proceedings are governed by a distinct set of statutes and procedural rules. See 28 U.S.C. §§ 2241-55 and Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing § 2254 Cases"). Rule 11 of the Rules Governing § 2254 Cases provides that: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules" (emphasis added). Thus, a petitioner in a habeas corpus proceeding does not have an absolute right to use of the procedures available in the Federal Rules of Civil Procedure. See e.g., Harris, 394 U.S. at 297-298 (finding that the broad ranging discovery permitted under the Federal Rules of Civil Procedure is neither necessary or appropriate in the context of a habeas corpus proceeding). "Rule 11 permits application of the civil rules only when it would be appropriate to do so." See Advisory Committee Note to Rule 11 Governing § 2254 Cases. In Pitchess v. Davis, 421 U.S. 482, 489 (1975), the Supreme Court held that Fed. R. Civ. P. 60(b) should not be applied in a habeas case when it would have the effect of altering the statutory exhaustion requirement of 28 U.S.C. § 2254.

The Petitioner's motion for a preliminary injunction is inconsistent with the overall framework of a post-conviction habeas corpus proceeding. That framework requires the district court to give preliminary consideration to a habeas petition to determine whether the petition ought to be summarily dismissed. See Rule 4 of the Rules Governing § 2254 Cases (providing for summary dismissal of a petition which "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court"). The respondent need not file an answer to the petition unless ordered to do so by the court after the preliminary review. See Rule 3 of the Rules Governing § 2254 Cases. The Petitioner acknowledges in his motion that he cannot establish his claim of innocence without favorable findings of fact at an evidentiary hearing. See Mot. for Preliminary Injunction at 5. However, Rule 8 of the Rules Governing § 2254 Cases contemplates that an evidentiary hearing will not be held until after the district court has completed the preliminary review, reviewed the respondent's answer or other pleading in response to the petition, and reviewed the record of the state court proceedings. In the instant case, the Court has only completed the preliminary

7

review.  <u>See</u> Document No. 22.  The mechanism that Petitioner seeks to use to obtain an immediate evidentiary hearing, Rule 65 of the Federal Rules of Civil Procedure, is contrary to the procedure set forth in the Rules Governing § 2254 Cases.  I recommend, therefore, that the Court consider the Petitioner's motion as a motion for bail, which has federal court precedent, rather than as a motion for a preliminary injunction.

II.    <u>District Court's Authority to Grant a State Prisoner Bail During the Pendency of a Habeas Corpus Proceeding</u>

There is no federal statute or court rule that addresses the district court's authority to grant a state prisoner bail during the pendency of federal habeas corpus proceedings.[3]  However, nearly every federal circuit court of appeal that has considered the issue has found that the federal district courts have the inherent authority to grant a state prisoner bail during the pendency of habeas proceedings.  <u>See e.g.</u>, <u>Woodcock v. Donnelly</u>, 470 F.2d 93, 94 (1st Cir. 1972); <u>Mapp v. Reno</u>, 241 F.3d 221, 226 (2d Cir. 2001); <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1239-40 (3d

_____

[3]By contrast, Rule 23 of the Federal Rules of Appellate Procedure sets forth conditions for release on bail pending review of a district court's decision on a petition for a writ of habeas corpus.  <u>See</u> Fed. R. App. P. 23.  But that Rule does not specifically address the possibility of release on bail pending a district court's decision on the petition.

8

Cir. 1991), cert. denied, 506 U.S. 955 (1992); In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969) (per curiam);[4] but see In re Roe, 257 F.3d 1077 (9th Cir. 2001) (declining to decide the issue, but raising doubt as to the court's authority).  This inherent authority has been described as incident to the power to hear and determine the case.  Mapp, 241 F.3d at 225; see also, Baker, 420 F.2d at 1343 ("When an action pending in a United States court seeks release from what is claimed to be illegal detention, the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits); Johnston v. Marsh, 227 F.2d 528, 530 (3d Cir. 1955) (courts have very wide authority over the persons and business before it, which includes the discretion to grant bail).

---

[4]See also, In re Shuttlesworth, 369 U.S. 35, 35 (1962) (per curiam) (vacating an order by a court of appeals in a habeas case and suggesting that the district court may hear an application for bail pending that court's final disposition of the matter).

Respondent argues that any authority that the district courts may have had to grant a state prisoner bail during the pendency of a habeas proceeding was terminated by implication after the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (1996).[5]  See Document No. 31.  The Respondent has not directed the Court to any authority that supports the view that Congress sought to strip the federal courts of this particular aspect of its judicial power when it passed the AEDPA.  Therefore, I consider the merits of Petitioner's bail motion based on the established judicial precedents.

---

[5]Under the AEDPA, the federal courts are required to give deference to state court judgments.  The federal courts may not grant a writ of habeas corpus to a state prisoner with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2002).

## DISCUSSION

### I. First Circuit Standard For Bail During a Habeas Proceeding

The lower federal courts have often cited the reasoning in Aronson v. May, 85 S. Ct. 3, 5 (Douglas, Circuit Justice 1964), when considering the propriety of bail during the pendency of a habeas corpus proceeding. In Aronson, a petitioner requested bail pending a decision by the Court of Appeals on an appeal from the denial of his petition for a writ of habeas corpus. Justice Douglas stated in the opinion:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his sentence in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in a case where [an] applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt.

85 S. Ct. at 5. Justice Douglas found that where a bail applicant is a convicted prisoner it is necessary "to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." Id. (citing Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964)).

The First Circuit discussed the Aronson and Benson opinions

11

when it considered the standards that courts in the First Circuit should use for determining whether to grant a convicted and sentenced prisoner's bail application. See Glynn v. Donnelly, 470 F.2d 95, 97-98 (1st Cir. 1972). The court in Glynn found:

> Both in the district court, and on appeal, in the absence of exceptional circumstances--whatever that may include--the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . , but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough.

Id. at 98. The Glynn court's finding establishes two possible tests for deciding a state prisoner's application for bail during the pendency of a post-conviction habeas corpus proceeding. Under the first test, the prisoner must show that there is a substantial question of constitutional error, and that exceptional circumstances exists for granting bail in the particular case before the court. In the alternative, under the second test, the prisoner must show that there is a clear case in the prisoner's favor on both the law and the facts. Under either test, the prisoner's ability to raise a substantial question of constitutional error, standing alone, is insufficient. Glynn,

12

470 F.2d at 98.[6]  The First Circuit reaffirmed the bail standard that it enunciated in <u>Glynn</u> in <u>Eaton v. Holbrook</u>, 671 F.2d 670, 670 (1st Cir. 1982).

II.  <u>Application of Glynn Standards to the Petitioner's Motion</u>

The Petitioner does not have a clear and readily evident case in his favor on the law and the facts.  Each of his claims of error, including the three state court rulings that the Petitioner contends are diametrically opposed to Supreme Court precedent, were considered and rejected by the New Hampshire Supreme Court.  <u>See</u> <u>State v. Bader</u>, 808 A.2d 12 (N.H. 2002).  In that decision, the court addressed the Petitioner's claims under both federal and state law.  <u>Id.</u>  Petitioner has submitted an 81-page legal memorandum with his petition supporting his claims of constitutional error, <u>see</u> Attachment to Document No. 1, which

_____

[6]The court in <u>Glynn</u> was mindful of a point made by the court in <u>Benson</u> that:

> There are thousands of prisoners confined in state prisons, any of whom, with a little assistance from their cell mates, would have little difficulty in drafting a petition for writ of habeas corpus which would allege substantial violations of constitutional rights.  We do not propose, by ruling in this case, to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions.

470 F.2d at 98 n.2 (quoting <u>Benson</u>, 328 F.2d at 162 n.2).

will require careful review before the merits may be decided. I find, therefore, that the Petitioner does not meet the "clear case on the law and the facts" standard for bail under <u>Glynn</u>.

Even if the Petitioner has raised substantial questions of constitutional error in the state court proceedings, he has not shown that extraordinary circumstances exist warranting bail pending a determination of the merits of his habeas petition. The Petitioner's claim of actual innocence is dependent on anticipated factual findings in his favor after an evidentiary hearing. Such findings are not certain as his argument regarding the significance of the alleged Stuto recantation has been considered and rejected in the state courts. <u>See</u> <u>State v. Bader</u>, 808 A.2d at 29-33. Moreover, Petitioner acknowledges that his innocence claim is contingent at least in part on grants of immunity to Stuto and Martin.[7] Petitioner supposes that upon confrontation with the John Doe testimony, either Stuto will admit that he perjured himself in the state court proceedings or it will be clear to the finder of fact that Stuto's trial testimony should not be believed. Petitioner further supposes that if granted immunity from further prosecution, Martin would

---

[7]Petitioner has not provided any evidence that the State is inclined to provide any such grants of immunity.

14

recant her testimony.  Petitioner's claim rests on speculation, which does not present the extraordinary circumstances required to grant a state prisoner bail during the pendency of a habeas proceeding.

The district court's inherent authority to grant bail to a habeas petitioner must be exercised very sparingly because a defendant whose conviction has been affirmed on appeal is unlikely to have been convicted unjustly.  Cherek, 767 F.2d at 337.  The types of exceptional circumstances that some courts have discussed as potentially applicable include cases where the remaining time that the petitioner has to serve is short and the merits of petitioner's constitutional claim is clear.  See e.g., Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (release on bail may be required in order to make the writ of habeas corpus an effective remedy).  In other cases where the courts have found exceptional circumstances warranting bail, the courts have found that the petitioner suffers from a severe medical illness that requires treatment outside of prison.  See e.g., Johnston v. Marsh, 227 F.2d 528, 529 (3d Cir. 1955) (petitioner granted bail allowing him to go to a private hospital pending review of his habeas petition).  Neither of these examples of

15

exceptional circumstances apply to the instant case.

The Petitioner relies on <u>Ouimette v. Moran</u>, 942 F.2d 1 (1st Cir. 1991), in support of his argument that he should be granted bail pending consideration of his habeas petition. In <u>Ouimette</u>, the First Circuit affirmed a district court's order issuing a writ of habeas corpus and unconditionally releasing from prison a petitioner who had been sentenced to life imprisonment. <u>Id.</u> at 13. The court noted while discussing the case chronology that the petitioner was released on bail before the district court granted the petitioner's habeas petition and ordered his unconditional release. <u>Id.</u> at 3. There is no discussion in the court's opinion of the propriety of the district court's bail decision.

Setting aside the question of whether the district court correctly decided the petitioner's bail application in <u>Ouimette</u>, which is suspect, the procedural posture of that case when the court granted bail differs from the circumstances here. In <u>Ouimette</u>, the petitioner moved for release on bail <u>after</u> the district court denied the state's motion to dismiss the petition for a writ of habeas corpus. <u>See Ouimette v. Moran</u>, 762 F. Supp. 468, 470 (D.R.I. 1991). Due to the difficult standard that

16

petitioners must meet in a post-conviction habeas proceeding, the denial of a state's motion to dismiss may be viewed as a determination by the court that the petitioner has at least raised a substantial question of constitutional error.[8] In contrast to the procedural posture of <u>Ouimette</u>, this Court has only performed a preliminary review of Bader's petition. <u>See</u> Rule 4 of the Rules Governing § 2254 Cases. The Petitioner's ability to survive preliminary review does not constitute a finding that he has raised a substantial question, and certainly does not indicate that he has presented a clear case on the law and the facts. Given these differences between <u>Ouimette</u> and the instant case, I find that <u>Ouimette</u> does not support the Petitioner's request for bail.

---

[8]As discussed above, however, raising a substantial question, standing alone, does not support a finding that release on bail pending a final determination of the merits of a habeas petition is warranted. Under <u>Glynn</u>, the petitioner must still demonstrate that exceptional circumstances exist in the case. 470 F.2d at 98. It is unclear from the published opinions in the <u>Ouimette</u> case whether exceptional circumstances existed in that case. <u>See</u> <u>Ouimette</u>, 762 F. Supp. at 470 n.2 (listing the bail conditions that were set without discussion of the reasons why bail was appropriate).

III. Standards Under the Federal Bail Statutes

Viewing this case under the standards that are applied to bail applications by convicted federal prisoners, an analogy that the Petitioner invites in his motion,[9] shows that granting the instant bail application would be particularly inappropriate. Under the Federal Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3142-52, there is a statutory presumption that a person who has been found guilty of an offense, and sentenced to serve a term of imprisonment, shall be detained during the pendency of an appeal. See 18 U.S.C. § 3143(b). Such a person may be released from detention if the court makes two required findings: (1) that clear and convincing evidence exists that the person is not likely to flee or pose a danger to the safety of any other person or the community, and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact requiring any of four enumerated forms of post-conviction relief. See 18 U.S.C. § 3143(b)(1). However, under 18 U.S.C. §§ 3143(b)(2) and 3142(f)(1)(B), the district court must order the detention of a person who has been found guilty of an offense for which the maximum sentence is life imprisonment or death during

_____

[9]See Mot. for Prel. Injunction at p. 3.

18

the pendency of an appeal or petition for a writ of certiorari. The statutes provide no exceptions for such a prisoner. New Hampshire state law is consistent with the federal rule. See N.H. RSA 597:1-a, I (providing that a defendant convicted for an offense punishable by death or a term of life imprisonment without possibility of parole shall not be allowed bail pending sentence or appeal).

The state's interest in a prisoner's continued custody during appeal is strongest where the remaining portion of the sentence is long. See Hilton v. Braunskill, 481 U.S. 770, 777 (1987)). The Petitioner was convicted and sentenced to serve a term of life imprisonment in the state court. The Petitioner collaterally attacks the constitutionality of his state convictions in his petition for a federal writ of habeas corpus. By analogy to the treatment that a federal court must give a federal prisoner's application for bail pending appeal under 18 U.S.C. § 3143(b), bail should not be available in this case because of the nature of the Petitioner's sentence. Since the Petitioner would not be entitled to bail pending appeal if he had been sentenced to life imprisonment in a federal court, it would be incongruous to find that he could be granted bail in federal

19

court while he collaterally attacks his state court convictions.

CONCLUSION

For the reasons set forth above, I recommend that the Petitioner's motion for injunctive relief granting him bail during the pendency of this Court's habeas corpus proceedings be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                              _____
                              James R. Muirhead
                              United States Magistrate Judge
Date:   January 23, 2003

cc:     B. Michael Cormier, Esq.
        Neals-Erik W. Delker, Esq.
        Stephen E. Borofsky, Esq.
```