FILED

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALFRED PAUL CENTOFANTI III,

Petitioner-Appellant,

v.

DWIGHT W. NEVEN; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents-Appellees.

No.   20-16039

D.C. No.
2:13-cv-01080-JAD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted July 8, 2020
Seattle, Washington

Before:  CLIFTON, D.M. FISHER,[**] and M. SMITH, Circuit Judges.

Petitioner Alfred Paul Centofanti III seeks a writ of mandamus directing the

federal district court to order his release from Nevada state prison pending either

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

(i) a decision on his 28 U.S.C. § 2254 habeas petition or (ii) an effective COVID-19 vaccine. We deny the petition.

"The remedy of mandamus is a drastic one." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977). A petitioner must demonstrate "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Id.* (internal quotation marks and citation omitted). To determine whether mandamus relief is warranted, we consider "five specific guidelines: (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires;" "(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.);" "(3) The district court's order is clearly erroneous as a matter of law;" "(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules;" and "(5) The district court's order raises new and important problems, or issues of law of first impression." *Id.* at 654–55 (citations omitted). While "[n]ot every factor need be present at once . . . the absence of the third factor, clear error, is dispositive." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005).

To qualify for pre-decisional release from state prison pending a federal habeas petition, a petitioner must show that the habeas petition has a high

probability of success and that special circumstances justify his release. *See United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020) ("the prisoner must show that, 'in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice'") (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). *See also Benson v. State of Cal.*, 328 F.2d 159, 162 (9th Cir. 1964) ("It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail.").

We conclude that the district court did not clearly err in holding that Centofanti had not demonstrated that his habeas petition made out a clear case for his release. After being convicted of first-degree murder in Nevada state court, he seeks habeas relief on the grounds that one of the jurors did not disclose during voir dire that she had once been convicted of a felony. He argues that her participation in the jury violated his federal constitutional rights. He previously made this argument to the Nevada Supreme Court, which disagreed. The court concluded that while it appeared that the juror had intentionally concealed her felony status, Centofanti had not shown that he was prejudiced by her conduct.

This was because the juror's two-decades' old felony conviction—for obtaining property in exchange for a worthless check—was entirely unrelated to Centofanti's murder charge. Because of this lack of prejudice, the court concluded that Centofanti was not entitled to a new trial under the Sixth Amendment.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), an application for a writ of habeas corpus may only be granted if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984), the Supreme Court established when defendants are entitled to a new trial due to a juror's concealment. To obtain a new trial "in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough*, 464 U.S. at 556.

Courts have differed as to how to apply the *McDonough* test, but our court has recently held that, for AEDPA purposes, it is not "unreasonable for [a] state court to conclude that *McDonough* accommodates a prejudice analysis." *Scott v. Arnold*, __ F.3d __, No. 18-16761, 2020 WL 3408712, at *2 (9th Cir. June 22, 2020). *See also Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998) (construing *McDonough* as requiring courts to "determine whether [a juror's] answers were dishonest and, if so, whether this undermined the impartiality of [the] jury"). Thus, under Ninth Circuit precedent, the Nevada Supreme Court was permitted to require a prejudice showing to overturn a conviction, as it did in Centofanti's case. Moreover, it was permitted to hold that no prejudice had been shown.

As a result, we cannot conclude that the federal district court clearly erred in determining that Centofanti had not shown a high likelihood that his habeas petition would succeed. For this reason, though we understand that Centofanti has a high-risk status for COVID-19, we must deny his petition for mandamus relief.

**Petition DENIED.**